Earl CURTIS, Appellant,

v.

**COMMISSIONER OF INTERNAL REV-
ENUE, Appellee.**

No. 71–1623

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 5, 1971.

Johnnie L. Tillis, pro se.

Anthony J. P. Farris, U. S. Atty.,
Carl Walker, Jr., James R. Gough, Asst.
U. S. Attys., Houston, Tex., for respond-
ent-appellee.

Before WISDOM, COLEMAN and
SIMPSON, Circuit Judges.

* [1] Rule 18, 5 Cir.; see Isbell Enter-
prises, Inc. v. Citizens Casualty Com-
pany of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.

Earl Curtis, pro se.

Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Atty., Tax Div., Dept. of Justice, K. Martin Worthy, Chief Counsel, Edward D. Robertson, Atty., I. R. S., Gilbert E. Andrews, Acting Atty., Elmer J. Kelsey, Charles E. Anderson, Attys., Dept. of Justice, Tax Div., Washington, D. C., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

WISDOM, Circuit Judge:

This appeal presents the question whether the Tax Court correctly found that the taxpayer's home was in Dolton, Illinois, in the vicinity of his employment. If so, his living expenses in that area are not deductible as expenses paid while in the pursuit of a trade or business under Section 162 of the Internal Revenue Code. The taxpayer asserts that his home was in Kerrville, Texas, where he and his wife owned a house and where his wife lived. We affirm.

Earl Curtis, the taxpayer, was a pipefitter by trade. During the years in issue—1965, 1966, and 1967—he worked on twenty-six different jobs ranging in duration from one to eighteen weeks. All of the jobsites were located within a 22½ mile radius of Dolton, Illinois. During the relevant period and until his retirement, Curtis lived in four successive houses in Dolton, at first renting a furnished house, but later supplying his own furniture. One of his two sons lived with him for part of the time. From 1964 to the time of his retirement in 1968, the taxpayer was a member of Local Union No. 597 of the Pipefitter's Association, located in Chicago, Illinois.

During the three-year period at issue here, the taxpayer owned a residence in Kerrville, Texas, which he and his wife had purchased in 1949. His wife lived in the residence in Texas at all relevant times and, according to the taxpayer's

testimony, did not join him because of her health. The taxpayer maintained a Texas driver's license, but he had not worked in Texas since 1947. Further, the record does not demonstrate that the taxpayer was even in Kerrville during 1965, 1966, or 1967.

The taxpayer took federal income tax deductions for his living expenses in Dolton, Illinois, in the amounts of $1175 in 1965, $1200 in 1966, and $1200 in 1967, contending they were expenses incurred while away from home in the pursuit of a trade or business.[1] The Commissioner disallowed the deductions on the ground that they were nondeductible personal, living expenses.[2] The Tax Court upheld the Commissioner, T.C. (1970 P–H T.C. Memo, Dec. ¶ 70,299), and this appeal followed.[3]

■■ By the express wording of § 162(a) (2) of the Internal Revenue Code, business expenses, to be deductible, must be incurred "while away from home". 26 U.S.C. § 162(a) (2); Commissioner of Internal Revenue v. Flowers, 1946, 326 U.S. 465, 470, 66 S.Ct. 250, 90 L.Ed. 203, 207. It has been repeatedly held that, for purposes of this section, a taxpayer's "home" is his abode at his principal place of business or employment. See, e. g., Jones v. Commissioner of Internal Revenue, 5 Cir. 1971, 444 F.2d 508, and cases cited therein. Where a taxpayer's "home" is located for purposes of a § 162(a) (2) deduction is essentially a question of fact. Commissioner of Internal Revenue v. Flowers, supra. The determination of the Tax Court that the taxpayer's home was located, at all relevant times, in Dolton, Illinois, and that, as a result, the ex-

penses were not incurred "while away from home" was not "clearly erroneous". Rule 52(a), F.R.Civ.P.; 26 U.S.C. § 7482. The finding has substantial support in the record.

■■ Even assuming that the taxpayer's home was located in Kerrville, Texas, for purposes of the statute, expenses are deductible only when incurred because of "[t]he exigencies of business rather than the personal conveniences and necessities of the traveler * * *", Commissioner of Internal Revenue v. Flowers, 1946, 326 U.S. 465, 474, 66 S.Ct. 250, 254, 90 L.Ed. 203, 209; see Peurifoy v. Commissioner of Internal Revenue, 1958, 358 U.S. 59, 79 S.Ct. 104, 3 L.Ed.2d 30; Jones v. Commissioner of Internal Revenue, supra, and this determination again is a question of fact, Commissioner of Internal Revenue v. Flowers, supra. The Tax Court found that the expenses were incurred for personal reasons, and this finding, supported by substantial evidence, was not "clearly erroneous." Rule 52(a), F.R.Civ.P.; 26 U.S.C. § 7482.

■■ Finally, there is an exception to the general rule that expenses incurred on the jobsite are non-deductible because not incurred "while away from home". As this Court said in Jones v. Commissioner of Internal Revenue, supra:

Of course, the principal place of employment does not change to a place where the taxpayer is to be employed for only a short time. Consequently he is permitted in this instance to deduct duplicative expenses for meals and lodging. * * * But "if the prospects are that his work will con-

---

1. (a) *In General.*—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

 *   *   *   *   *

 (2) traveling expenses (including the entire amount expended for meals and lodging other than amounts which are lavish and extravagant under the cir-

cumstances) while away from home in the pursuit of a trade or business; and

 *   *   *   *   *

 26 U.S.C. § 162(a) (2).

2. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living or family expenses.

 26 U.S.C. § 262.

3. This appeal is pursuant to 26 U.S.C. § 7482.

tinue for an 'indefinite' or 'intermediate' [sic—indeterminate] or 'substantially long' period, then the deduction is disallowed." (Citations omitted)

Whether employment is temporary or indefinite is a question of fact. Peurifoy v. Commissioner of Internal Revenue, *supra*. The Tax Court's finding on this issue was also not "clearly erroneous". Rule 52(a), F.R.Civ.P.; 26 U.S.C. § 7482.

Affirmed.