Robert J. Carr and Barbara J. Carr v. Commissioner.
Carr v. Commissioner
Docket No. 1490-71.
United States Tax Court
T.C. Memo 1972-166; 1972 Tax Ct. Memo LEXIS 89; 31 T.C.M. (CCH) 826; T.C.M. (RIA) 72166; August 7, 1972
Robert J. Carr, pro se, 6220 Trail Lake Drive, Ft. Worth, Tex. Kemble White, for the respondent. SCOTT Memorandum Findings of Fact and Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' Federal income tax for the calendar year 1968 in the amount of $1,076.45. The issue for decision is whether petitioner is entitled to a deduction under section 162(a)(2), I.R.C. 1954, for the calendar year 1966 for amounts expended for meals and lodging while in Fort Worth, Texas, and if so, the amount of *90 deduction to which he is entitled. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners Robert J. Carr and Barbara J. Carr are husband and wife who resided at Fort Worth, Texas, at the time of the filing of their petition in this case. For the taxable year 1968 petitioners filed a joint Federal income tax return with the Southwest Internal Revenue Service Center at Austin, Texas. Robert Carr (hereinafter referred to as petitioner) was in the Navy from 1943 to 1964. He retired as a Chief Petty Officer and went to work for RCA at Cape Canaveral, Florida. He worked for RCA for approximately 1 year, during which he bought a home in Indian Harbor Beach, Florida. In 1965 petitioner went to work for General Dynamics Convair Division at Cape Kennedy, Florida. This job lasted for approximately 8 months. In 1966, petitioner went to work for the General Dynamics Dynatronics Division in Orlando, Florida. While petitioner was employed by the Dynatronics Division, he bought a house in Longwood, Florida and leased the house in Indian Harbor Beach, Florida. Petitioner's job with the Dynatronics Division in Orlando lasted approximately 1 year. *91 In May 1967 petitioner took another job with General Dynamics to work on an F-111 contract with the understanding that after working on the contract in Rochester, New York for approximately 4 months, he would be assigned to Fort Worth, Texas, around September 1967, for a period of 6 to 8 months and that he would then return to Rochester. Petitioner and his family moved to Rochester in May 1967 and lived there in a small furnished apartment. Since petitioner and his wife wanted their children to have a continuous year in one school, petitioner's family moved to Fort Worth, Texas over the Fourth of July weekend in 1967. Immediately after moving his family to Fort Worth, petitioner returned to his job in Rochester. Because of delays in the F-111 contract, petitioner's assignment to Fort Worth was delayed from September 1967 until December 1967. During the time of this delay petitioner continued to work in Rochester, living in a furnished apartment. Petitioner received no per diem from General Dynamics while he was working in Rochester. Petitioner reported for work in Fort Worth on December 13, 1967. Petitioner and his wife were unable to find adequate rental housing in Fort Worth *92 and therefore purchased a house in Fort Worth for $25,500. During 1968 petitioners did not own or maintain a residence at any place other than Fort Worth, Texas, and they otherwise had no duplicate living expenses during the year. Petitioner worked on the F-111 contract in Fort Worth from December 1967 until it was completed in February 1969, at which time he returned to Rochester. When petitioner went to Fort Worth in December 1967, he was placed on an F-111 short-term assignment to support the compatibility program being performed at Fort Worth. A short-term assignment as defined by the Electronics Division of General Dynamics is one which is expected to last more than 89 calendar days but not more than 12 827 calendar months. By July 1968, petitioner was convinced that completion of the F-111 contract would exceed the original projection of 6 to 8 months and that the completion of the contract would run much longer than originally anticipated. Although delays in completion of the F-111 contract caused petitioner's assignment to extend beyond the 12 months, he received no supplemental orders from General Dynamics. During the first 12 months of his assignment to Fort Worth, *93 per diem was paid to petitioner at a rate of $14 per day and thereafter at a rate of $9 per day. During the calendar year 1968, petitioner accounted to General Dynamics for his per diem payments by means of a weekly per diem claim which typically stated "food and lodging - $14.00 per day." Petitioner did not include in the income reported on his Federal income tax return for 1968 the amount he received as "per diem" at the rate of $14 per day. Respondent in his notice of deficiency increased petitioner's income as reported by $4,606 with the explanation that the per diem payments made to petitioner by General Dynamics in the amount of $4,606 were includable in petitioners gross income in their taxable year 1968 since Fort Worth, Texas was their home for tax purposes for that taxable year and petitioners had not "established that any part of * * * [their] living expenses for which these amounts were paid represents an ordinary or necessary business expense or was expended for the purpose designated." Opinion Respondent on brief concedes that the $14 per day which petitioner received as per diem is an appropriate amount representing cost of petitioner's food and lodging, transportation, *94 and incidental expenses in Fort Worth during 1968. Therefore, the only issue left for our decision is whether petitioner during all or any part of 1968 was away from home within the meaning of section 162(a)(2), I.R.C. 1954. [1]
Petitioner's primary contention is that the $14 he was paid as per diem is not includable in his gross income since he was required to account to his employer for the per diem, and the per diem he received was less than $25 a day. Petitioner cited in support of his contention a ruling by respondent. As petitioner points out, respondent by ruling has stated that a person is not required under certain circumstances to include in his income reported on his income tax return payments of per diem to cover the cost of meals *95 and lodging, which would be deductible under section 162. Therefore, in the posture of this case and in view of respondent's concessions, were we to conclude that expenses incurred by petitioner while in Fort Worth, Texas were traveling expenses while away from home in the pursuit of a trade or business, we would, in effect, be approving his not including the per diem paid him by General Dynamics in his income for the year 1968. However, there is nothing in the statute which exempts per diem allowances paid to an employee from being included in his gross income under section 61. Leo C. Cockrell, 38 T.C. 470 (1962), aff'd 321 F. 2d 504 (C.A. 8, 1963). Where such per diem allowances are included by an employee in income, the employee is, of course, entitled to deduct from his gross income all the ordinary and necessary expenses paid or incurred during the taxable year as traveling expenses while away from home in the pursuit of a trade or business. Petitioner takes the position that if he is required to include the per diem payments to him by General Dynamics in his income, he should be entitled to deduct this same amount as traveling expenses while away *96 from home. Petitioner contends that his "home" within the meaning of section 162(a)(2) was during the entire taxable year 1968 in Rochester, New York, and that his assignment to Fort Worth was a temporary assignment. Respondent takes the position that since petitioner had spent so little time in Rochester prior to going to Fort Worth and did not during the taxable year 1968 maintain a home of any kind in Rochester or at any place other 828 than Fort Worth and incurred no duplicate living expenses, his home within the meaning of section 162 is wherever he happens to be working. Respondent in support of this contention relies on Moses Mitnick, 13 T.C. 1 (1949), and cases of similar import involving persons who constantly travel in their work such as a theatrical manager (the taxpayer in the Mitnick case) and a salesman who maintained no established residence at any place. As petitioner points out, he was not in a constant travel status as were the individuals involved in the cases relied on by respondent. This Court has held in many cases that "home" as used in section 162(a)(2) means a taxapayer's principal place of employment except where the taxpayer's employment *97 is temporary as distinguished from indefinite or indeterminate. Emil J. Michaels [Dec. 29,836], 53 T.C. 269, 273 (1969), and cases there cited. We have generally considered the question of whether a taxpayer's employment was temporary as distinguished from indefinite or indeterminate to be a question of fact. We have been confronted in several cases with the problem of whether a taxpayer who maintained a home only at the place where he works and has no duplicate living expenses at any other place can be considered to be incurring expenses "away from home" within the meaning of section 162(a)(2) but have never been called upon to decide a case on that basis alone. See Emil J. Michaels, supra, and Irving M. Sapson, 49 T.C. 636 (1968). In a number of cases we have pointed out that the purpose of the provision allowing deduction for traveling expenses when "away from home" is "to mitigate the burden of the taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incure additional and duplicate living expenses." Ronald D. Kroll, 49 T.C. 557, 562 (1968). While the purpose underlying *98 the statute is to mitigate duplicate expenses, there is no case in this Court which holds that absent such duplicate expenses, no deduction is allowable under section 162 (a)(2). The United States Court of Appeals for the Ninth Circuit has specifically held to this effect in United States v. Mathews, 332 F- 2d 91 (1.64). In that case the Ninth Circuit stated that where the only home maintained by a taxpayer was at the place of his employment, it was immaterial whether the employment was temporary or indefinite, such distinctions being relevant only when the taxpayer maintained a home at a place from which he was away. However, as pointed out by the Supreme Court in Commissioner v. Stidger, 386 U.S. 287, 290 (1967) the Courts of Appeals for the Ninth, Fifth, and Sixth Circuits have not always agreed with this Court and other courts of appeals that "home" within the meaning of section 162(a)(2) is a taxpayer's "principal place of business or employment whether or not it coincided with his place of residence." The Supreme Court in Commissioner v. Stidger, supra, did not resolve the question of whether our interpretation of the meaning of "home" as *99 used in section 162(a)(2) is the proper interpretation since it was deemed unnecessary to decide the question for the purposes of that case. Certainly, the fact that petitioner maintained no home other than his home in Fort Worth, when considered in conjunction with the delay that had been occasioned in the F-111 contract prior to the time petitioner came from Rochester to Fort Worth in 1967 and the slowness of progress of that contract after petitioner commenced to work on it is sufficient to tip the scales in this case in favor of the factual conclusion that during the year 1968 petitioner's employment in Fort Worth was indefinite or indeterminate as distinguished from temporary. While we base our holding on the factual conclusion that petitioner's employment in Fort Worth during 1968 was indefinite or indeterminate, as distinguished from temporary, we consider it appropriate to point out that the United States Court of Appeals for the Fifth Circuit, to which an appeal in this case would lie, is one of the circuits referred to by the Supreme Court in Commissioner v. Stidger, supra, as not agreeing with our interpretation of "home" within the meaning of section 162(a)(2) *100 as being a taxpayer's principal place of employment. Two very recent cases from the Fifth Circuit have specifically held that for purposes of section 162(a)(2), a taxpayer's home is his abode at his principal place of business or employment. Jones v. Commissioner, 444 F. 2d 508, 509 (1971), affirming 54 T.C. 734 (1970), and Curtis v. Commissioner, 449 F. 2d 225, 227 (C.A. 5, 1971), affirming a Memorandum Opinion of this Court. 829 The holdings in these cases are in line with statements in other cases of the Fifth Circuit to the effect that a taxpayer's home is his abode or where he lives. Following the decision of the Supreme Court in Commissioner v. Flowers, 326 U.S. 465 (1946), the Fifth Circuit has consistently held that where a taxpayer maintained his home at a different place from his principal place of employment and his employment was not temporary, the expenses at his principal place of employment are incurred for personal as distinguished from business reasons and are therefore not deductible under section 162(a)(2). The rationale of both the Jones and Curtis cases is that where a taxpayer's employment at a certain *101 location is indefinite or indeterminate, as distinguished from temporary, his maintaining a home at another place would be considered to be for personal and not business reasons and therefore, the expenses incurred by the taxpayer at his principal place of employment would not be deductible. However, it would appear from the holding in Jones v. Commissioner, supra, and Curtis v. Commissioner, supra, that the Fifth Circuit would hold as did the Ninth Circuit, that where a taxpayer has only one abode which is located at his principal place of employment, he would under no circumstances be entitled to deduct expenses incurred at that place of abode since he would not have any other home to be away from within the meaning of section 162(a)(2). Considering all the facts in this case, we conclude that petitioner is required to include in his income for 1968 the per diem paid him by General Dynamics and that he is not entitled to deduct any amount as traveling expenses while away from home for the year 1968. Decision will be entered for respondent. Footnotes
1. All references are to the Internal Revenue Code of 1954. SEC. 162. TRADE OR BUSINESS EXPENSES. (a) In General. - There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including - * * * (2) traveling expenses (including amounts expended for meals and lodging * * *) while away from home in the pursuit of a trade or business * * *.↩