ROBERT W. DEWS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dews v. Commissioner
Docket No. 2876284.
United States Tax Court
T.C. Memo 1987-353; 1987 Tax Ct. Memo LEXIS 353; 53 T.C.M. (CCH) 1378; T.C.M. (RIA) 87353; July 21, 1987. *353 P, who was a coach with the Atlanta Braves baseball team in 1980 and 1981, maintained his residency in Albany, Georgia, during such years and claimed deductions for his expenses of living in Atlanta and traveling to and from Atlanta. Held, P may not deduct such expenses since he was not away from home within the meaning of sec. 162(a)(2), I.R.C. 1954. Robert W. Dews, pro se. Meryl Fuchs-Goldberg, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, *354 Judge: The Commissioner determined the following deficiencies in, and additions to, the petitioner's Federal income taxes: Additions to Tax
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Year
Deficiency
I.R.C. 1954 [1]
I.R.C. 1954
1980
$ 1,363.00
$ 68.15
-
1981
1,731.00
86.55
50% of interest
due on $ 296.00
By stipulation, the parties have resolved some issues; the sole issue remaining for decision is whether the petitioner, a coach of the Atlanta Braves baseball team, can maintain his residence away from Atlanta and deduct his expenses of living in Atlanta and his expenses of traveling to and from Atlanta. FINDINGS OF FACT Some of the facts have been stipulated, and those facts are so found. The petitioner, Robert W. Dews, resided in Albany, Georgia, at the time he filed his petition in this case. He and his wife filed their joint Federal income tax returns for 1980 and 1981 with the Internal Revenue Service Center in Chamblee, Georgia. The petitioner was raised in Edison, Georgia, approximately 30 miles west of *355 Albany, Georgia, and he has resided in that vicinity his entire lifetime. When the petitioner was married, he established a home for himself and his wife in Albany, Georgia. The petitioner's wife was pregnant during 1980 and gave birth to a daughter in January 1981. In 1980 and 1981, he and his wife lived in Albany, Georgia, which is approximately 166 miles south of Atlanta. The petitioner has been involved in professional baseball for more than 26 years. During his career, he has had 37 different assignments. He was employed with the St. Louis Cardinals as a professional baseball player or minor league manager from 1960 through 1974. He was a minor league manager in the Atlanta Braves organization from 1975 through 1978. In 1979, the petitioner served under a 1-year contract as a coach of the Atlanta Braves major league baseball team (the Braves). He again served under a 1-year contract as a coach for the Braves in 1980. Thereafter, he signed a 2-year contract to coach the Braves for 1981 and 1982. His salary was guaranteed for those years even if his services were terminated sooner. In fact, he was dismissed as a coach of the Braves after the 1981 season. He has given *356 the opportunity to manager the Braves' minor league team at Durham, North Carolina, in 1982, and he accepted that position. In 1985, he was still working in the Atlanta Braves organization. Most of the petitioner's income for 1980 and 1981 was earned as a coach for the Braves. He maintained an apartment in Atlanta in those years, and on the Federal income tax returns filed by him and his wife, they claimed deductions for his expenses of living in Atlanta and his expenses of traveling between Albany and Atlanta. In his notice of deficiency, the Commissioner determined that such expenses are not deductible on the ground that the petitioner's employment in Atlanta was indefinite, not temporary. The Commissioner also made other adjustments, which have now been settled by the parties. The parties also agree that the petitioner actually paid the living and traveling expenses claimed by him. OPINION We must decide whether the petitioner is entitled to deduct his expenses incurred while living in Atlanta and in traveling between Albany and Atlanta in 1980 and 1981. Since the amount of expenses incurred by the petitioner is not in dispute, the deductibility of such expenses depends *357 upon whether the petitioner was away from home while in Atlanta within the meaning of section 162(a)(2). Personal living expenses are ordinarily nondeductible. Sec. 262. However, section 162(a)(2) allows a taxpayer to deduct certain living expenses paid or incurred while away from home in the pursuit of a trade or business. The purpose of this deduction is to mitigate the burden of the taxpayer, who, because of the exigencies of his trade or business, must maintain two places of abode and thereby incur additional and duplicate living expenses. Tucker v. Commissioner,55 T.C. 783, 786 (1971); Kroll v. Commissioner, , 49 T.C. 557, 562 (1968). Three criteria have been established for determining whether travel expenses are deductible: (1) the expense must be reasonable and necessary; (2) the expense must be incurred while away from home; and (3) the expense must be incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946). In order to be deductible, an expenditure must satisfy all three conditions. It is well established that the taxpayer's home for purposes of section 162(a)(2) means the *358 vicinity of the taxpayer's principal place of business or employment, and not where his personal residence is located, if such residence is located in a different place from his principal place of employment. Curtis v. Commissioner,449 F.2d 225 (5th Cir. 1971), affg. a Memorandum Opinion of this Court; Kroll v. Commissioner,49 T.C. at 561-562. The petitioner was employed by the Braves in Atlanta, Georgia, during 1980 and 1981. There is no evidence to indicate that the petitioner engaged in any additional employment during those years. The majority of the petitioner's income was derived from his employment with the Braves. The stadium in which the Braves play their home games is located in the Atlanta area. The evidence makes clear that Atlanta, rather than Albany, was the petitioner's principal place of employment. Therefore, pursuant to section 162(a)(2), the petitioner's tax home was Atlanta, Georgia, in 1980 and 1981. Moreover, in this case, the duplicate living expenses were incurred for personal reasons rather than exigencies of business. The petitioner admitted that he chose not to move his family to Atlanta because he had a newly *359 born child and his wife's opportunities were in Albany. There is no evidence that the Braves benefited from the petitioner's decision to continue to maintain a home in Albany. The petitioner may not, for personal reasons, continue to maintain his home in Albany, where he has no business connection, and deduct expenses for living in Atlanta, a place where he was engaged in business. Commissioner v. Flowers,326 U.S. at 473; Tucker v. Commissioner,55 T.C. at 786; Wills v. Commissioner,48 T.C. 308 (1967), affd. 411 F.2d 537 (9th Cir. 1969). The petitioner argues that he should be allowed the deduction because his employment with the Braves was temporary. Peurifoy v. Commissioner,358 U.S. 59 (1958); Tucker v. Commissioner,55 T.C. at 787. When a taxpayer with a well-established tax home accepts employment away from his home, his living expenses are deductible if such employment is temporary, because it would not be reasonable to expect him to move his home under such circumstances. Peurifoy v. Commissioner, supra;Michaels v. Commissioner,53 T.C. 269 (1969). *360 However, if a taxpayer accepts employment that is expected to be indefinite his expenses are not deductible. Peurifoy v. Commissioner, supra.The petitioner bears the burden of proving that his employment in Atlanta was temporary. Rule 142(a), Tax Court Rules of Practice and Procedure.
The petitioner has had a number of different assignments throughout the time he has been involved in professional baseball, and he claims that he is constantly subject to reassignment. We recognize that, like professional athletes, professional coaches are subject to being reassigned at any time during their employment. The professional athlete, as well as the professional coach, simply does not have a well-established home to be away from, and it is well settled that the professional athlete cannot deduct his costs of living in the vicinity of the home team. Stemkowski v. Commissioner,76 T.C. 252, 305-306 (1981), affd. on this issue 690 F.2d 40 (2d Cir. 1982); Gardin v. Commissioner,64 T.C. 1079, 1084 91975). In Gardin, we said: Petitioner's [a professional football player] exposure to being traded during his 3-year period *361 of employment does not compel a decision for petitioners. The potentiality of transfer does not necessarily require that an employment be characterized as "temporary." Darrell Spear Courtney,32 T.C. 334, 343 (1959). To hold otherwise would cause most players of professional sports to be engaged in a series of temporary employments, so that their living expenses at franchise locations would be deductible. We do not believe that Congress intended section 162(a)(2) to produce such a result. [64 T.C. at 1084-1085; fn. refs. omitted.] The petitioner maintains that the position of a coach is distinguishable from that of a player: a player can influence his own future by his performance, but a coach may be dismissed when the team does poorly, regardless of his own performance. Though there may be some degree of difference between the coach and the player, the essential facts for both of them are the same: they live a highly mobile life, and they have no well-established place of employment, other than that of the team with which they are associated. Therefore, we conclude that the petitioner was not, while he was in Atlanta, away from home within the *362 meaning of section 162(a)(2), and he is not entitled to deduct expenses of living in Atlanta and of traveling between Albany and Atlanta. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect during the years in issue.↩