RUTH GIESBRECHT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Giesbrecht v. Commissioner
Docket No. 5522-94
United States Tax Court
T.C. Memo 1995-118; 1995 Tax Ct. Memo LEXIS 114; 69 T.C.M. (CCH) 2149; March 22, 1995, Filed *114 Decision will be entered for respondent. Ruth Giesbrecht, pro se. For respondent: Robert S. Scarbrough. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 2,514 in Federal income tax and an addition to tax under section 6651(a)(1) in the amount of $ 847 for petitioner's 1990 tax year. The issues for decision are: (1) Whether petitioner is entitled to deductions under section 162(a)(2) for expenses incurred while away from home; (2) whether petitioner is entitled to a deduction under section 28OA(c) for an office in the home; and (3) whether petitioner is liable for the addition to tax under section 6651(a)(1). Some of the facts were stipulated, and those facts, with the annexed exhibits, *115 are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was either Grants Pass, Oregon, or Tempe, Arizona. [2]
For years, petitioner's interest or avocation has been in antiques, jewelry, collectibles, and period clothing. On December 1, 1989, petitioner entered into a contract with the Palace Costume Co. of Los Angeles, California, to "create and design a descriptive method of tagging, categorizing, and organizing vintage clothing, accessories, and vintage jewelry for rental purposes." The Palace Costume *116 Co. (the company) was engaged in the trade or business of renting to the entertainment industry authentic period clothing, dating from the 1880's to the present. The clothing included clothing for men, women, children, and various ethnic groups. The company's inventory was extensive and was stored in huge warehouses. All of the clothing was original and authentic for the periods involved. There were no reproductions, nor was the company engaged in the manufacture of costumes. Apparently, the company either did not have an inventory, or whatever inventory the company had did not adequately identify or describe its collection. The purpose of the contract with petitioner was to engage her services in going through the company's entire inventory, compiling a record of each garment and/or accessory, preparing a uniform classification or description system, coding or numbering each item and having the entire inventory recorded on computer. The contract petitioner signed on December 1, 1989, provided that her work for the company would commence in January 1990 and would continue until January 1993, unless sooner terminated by either party or "upon completion of the work". Under the *117 contract, petitioner was to be paid $ 100 per day for work performed on the company's premises or for work done by petitioner at her home at Tempe, Arizona. It is undisputed that, in order for petitioner to perform her contractual obligation, it was necessary that she spend a considerable amount of time going through the company's warehouses and personally viewing and inspecting each item, counting the merchandise, making notes to describe each item, and taking pictures and measurements of the clothing. In some instances, it was necessary that petitioner do research at a public library to obtain information about certain clothing or jewelry for its proper classification. Petitioner commenced her work with the company in January 1990. She completed her work in 2 years, 2 months, in 1992. Throughout 1990, therefore, petitioner's time was devoted to her contract. Petitioner did not relocate to Los Angeles, California. Instead, she maintained her residence at Tempe, Arizona, which she rented for $ 950 per month. She flew to Los Angeles from Tempe, Arizona, and usually stayed 4 days per week going through the company's merchandise, then flew back to her home at Tempe, Arizona, *118 where she maintained computer equipment that she used to sort, research, label, and enter such information on her computer for the inventory listing. During 1990, petitioner was in Los Angeles a total of 216 days, and she was at her home in Tempe, Arizona, 149 days. For her work during 1990, pursuant to the contract, petitioner was paid $ 22,259 by the company. On her 1990 Federal income tax return, petitioner reported the $ 22,259 as gross income of a Schedule C trade or business activity. Petitioner claimed deductions for expenses related to this activity that totaled $ 13,892. In the notice of deficiency, respondent disallowed deductions for some of the expenses claimed: $ 2,123
--
Meals and entertainment [1]
4,900
--
Airfare
1,500
--
Shuttle expense
456
--
Office in the home
$ 8,979
--
Total expenses disallowed
The $ 2,654 for meals and entertainment consisted of $ 10 per day for 216 days plus $ 494 for entertainment while in Los Angeles. The $ 4,900 for airfare represented the costs of petitioner's trips by air between Tempe, Arizona, and Los Angeles, *119 California, during 1990, consisting of 50 round trips at $ 98 per trip. The $ 1,500 shuttle expense represents the expenses petitioner incurred to and from the airport at Los Angeles to the company premises. Petitioner did not claim any deduction for lodging while in Los Angeles, as the company provided her a room on the company premises. The $ 456 office in the home represents 4 percent of the floor space of petitioner's Tempe, Arizona, home, which was used by petitioner as her office where her computer equipment was located, which she used to prepare the inventory for the company. The amount claimed represents 4 percent of petitioner's rent of $ 950 per month for 1990. In the notice of deficiency, the expenses shown above were disallowed "because it has not been established that any amount more than $ 0 was for an ordinary and necessary business expense or was expended for the purpose designated." As to the $ 456 office in the home expense, that expense was disallowed for the reason that petitioner "failed to establish that the office was used exclusively on a regular basis as your principal place of business, or that your office was a separate structure not attached to the *120 dwelling unit." [3]
The determinations of respondent in a notice of deficiency are presumed correct, and the burden of proof is on the taxpayer to prove that the determinations are incorrect. Rule 142(a); Welch v. Halvering, 290 U.S. 111, 115 (1933). With respect to all the disallowed expenses, except for the $ 456 office in the home expense, respondent's *121 position is that petitioner was not away from home within the intent and meaning of section 162(a)(2), and, therefore, such expenses are not deductible. Respondent further contends that, even if petitioner is entitled to deductions under section 162(a)(2), the amounts claimed have not been substantiated. As a general rule, deductions for personal expenses are disallowed under section 262(a). Section 162(a)(2), however, allows a taxpayer to deduct travel expenses if the taxpayer can establish that such expenses were (1) ordinary and necessary; (2) incurred while "away from home"; and (3) incurred in the pursuit of a trade or business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946); Bochner v. Commissioner, 67 T.C. 824, 827 (1977). This Court has consistently held that a taxpayer's "home" for purposes of section 162(a)(2) is the vicinity of the taxpayer's principal place of business or employment and not where the taxpayer's personal residence or place of abode is located, if such residence or place of abode is at a place different from the location of the place of employment. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); *122 Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968); Garlock v. Commissioner, 34 T.C. 611, 614 (1960). However, there is an exception to this rule where the taxpayer accepts employment away from home if such employment is considered "temporary" as opposed to "indefinite". Commissioner v. Peurifoy, 254 F.2d 483, 486 (4th Cir. 1957), affd. per curiam 358 U.S. 59 (1958). Where such employment is temporary, the taxpayer's "tax home" does not shift to the situs of the temporary employment. The taxpayer is regarded as "away from home" while working at the temporary location. The underlying purpose for this exception (which allows a deduction for living costs incurred at the temporary job) is that it is unreasonable to expect the taxpayer to move a residence to a temporary location. Thus, by allowing a deduction for living expenses at the temporary employment location, the burden is mitigated for the taxpayer who incurs duplicate living expenses which result from maintaining the regular place of abode and the place of abode at the employment location. However, if *123 a taxpayer, for personal reasons, chooses to reside in a different vicinity from the vicinity of the principal place of employment, the residence is not recognized as the taxpayer's "tax home". Commissioner v. Flowers, supra; Jones v. Commissioner, 54 T.C. 734, 740 (1970), affd. 444 F.2d 508 (5th Cir. 1971). Only when the taxpayer is working in an area temporarily, at a place removed from his personal residence, is the taxpayer allowed the deduction for the living expenses incurred at the temporary employment. Curtis v. Commissioner, T.C. Memo. 1970-299, affd. 449 F.2d 225 (5th Cir. 1971). Whether employment is temporary or indefinite is a question of fact. Schurer v. Commissioner, 3 T.C. 544, 546 (1944). No single element is determinative of the ultimate factual issue of temporariness, and there are no rules of thumb, durational or otherwise. Peurifoy v. Commissioner, 358 U.S. at 60-61. [4] The mere fact that employment lacks permanence does not make that employment *124 temporary. Garlock v. Commissioner, supra at 616. Employment is considered "temporary" only if termination within a short period of time can be logically expected and foreseen. Conversely, employment is considered "indefinite" if termination cannot be expected or foreseen within a fixed or reasonably short period of time. Horton v. Commissioner, 86 T.C. 589, 593-594 (1986); Michel v. Commissioner,629 F.2d 1071 (5th Cir. 1980), affg. T.C. Memo. 1977-345; Stricker v. Commissioner, 54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). In Harvey v. Commissioner, 283 F.2d 491, 495 (9th Cir. 1960), revg. 32 T.C. 1368 (1959), the Court of Appeals for the Ninth Circuit, to which this case is appealable, held that the test to determine whether employment is temporary or indefinite is whether there is reasonable probability, known to the taxpayer, that the employment at the new station may last for a long period of time. See Abbott v. Commissioner, T.C. Memo. 1981-424, *125 wherein this Court applied the Court of Appeals for the Ninth Circuit's test in a case appealable to that Court. In this case, petitioner's employment at Los Angeles was evidenced by a written contract that was to last for 3 years, or until the work was completed. Although petitioner's work with the company was by no means permanent, the record does not support a finding that the work would be completed within a reasonably short period of time. Rather, the Court finds that there was a reasonable probability known to petitioner that work in Los Angeles would continue for a lengthy period. In fact, the work lasted over 2 years. On this record, *126 the Court concludes that petitioner's contract employment with the company was indefinite, and, therefore, petitioner's tax home, for purposes of section 162(a)(2), was Los Angeles, California. Petitioner, therefore, is not entitled to a deduction for her commuting expenses between Los Angeles, California, and Tempe, Arizona, or for her meals and entertainment. Respondent, therefore, is sustained on this issue. [5]
*127 With respect to the $ 456 expense claimed for an office in the home, section 162(a) allows a taxpayer to deduct "all the ordinary and necessary expenses paid or incurred * * * in carrying on any trade or business". Section 280A, in general, however, denies deductions with respect to the use of a dwelling unit that is used by the taxpayer during the taxable year as a residence. Section 280A(c), however, allows the deduction of expenses allocable to that portion of a dwelling unit that is exclusively used on a regular basis as "the principal place of business" for any trade or business of the taxpayer. Sec. 280A(c)(1)(A). In deciding this case, the Court must employ the definition of "principal place of business" set forth in Commissioner v. Soliman, 506 U.S.    , 113 S.Ct. 701 (1993). The term "principal place of business" means not merely an important or necessary place of business, but the "most important, consequential, or influential" one. Establishing that this condition is fulfilled requires a comparison of the locations where business is conducted. While no one formula will answer for all cases the question of which location is the *128 principal place of business, there are two primary lines of inquiry that must be considered: (1) The relative importance of the activities or services performed at each location, and (2) the relative amount of time spent at each location. The location where activities or services are performed is a principal consideration in most cases, and, if services are rendered or clients are seen at a facility with unique or special characteristics, that is a further indication that that place is the most important business location. In addition, the amount of time that the taxpayer spent at one location, the home office, must be compared with the amount of time spent at the other location. On this record, the Court concludes that the relative importance of the activities performed by petitioner at Los Angeles was by far of greater significance than the activities petitioner performed at her home. All of the costumes and jewelry that the company owned were located on the company's premises at Los Angeles, and it was necessary that petitioner personally view and inspect each item in order that such property could be properly identified, coded, and classified. Any questions or other information *129 petitioner had with respect to the property were, without doubt, answered by company personnel on the company premises. There is no evidence to indicate that petitioner conducted any business at her home, except for entering information on her computer and possibly some study or research in properly classifying the merchandise. Petitioner's home, therefore, was not the principal place of business for the activity involved in this case. Even if the relative importance of the activity performed at the Los Angeles location were not conclusive, the second inquiry, the relative amount of time spent at each location weighs against petitioner, since she spent 4 days per week at the Los Angeles location, and 1 or 2 days per week at her home. Accordingly, the Court holds that petitioner's principal place of business was at the company location and not petitioner's home. Petitioner, therefore, is not entitled to a home office expense deduction under section 280A(c). The third issue is whether petitioner is liable for the addition to tax under section 6651(a)(1) for her failure to file timely her 1990 Federal income tax return. Petitioner's 1990 return was date stamped as having been *130 received by the Internal Revenue Service Center (IRS) at Ogden, Utah, on August 20, 1991. Attached to the return, also date stamped as having been received by the same IRS office on August 20, 1991, is IRS Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, with respect to petitioner's 1990 tax year. Pursuant to Form 4868, petitioner was allowed an automatic extension to file her 1990 return to August 15, 1991. The tax return bears the signature date of the preparer of August 6, 1991, and petitioner's signature of August 12, 1991. The Form 4868, for extension, bears a signature date of April 15, 1991. The mystery is why both the tax return and the application for extension were received by the IRS on the same day, August 20, 1991. Under section 6072(a), calendar year taxpayers are required to file their income tax returns by April 15th, following the close of the calendar year. Under section 6081(a), respondent may, pursuant to regulations, grant a reasonable extension of time for filing a return, not to exceed 6 months. Section 1.6081-4, Income Tax Regs., provides for an automatic 4-month extension if the taxpayer files an application *131 on IRS Form 4868 on or before the due date for filing the return if certain requirements, not pertinent here, are met. The question before the Court is whether petitioner timely filed an application for extension to file her 1990 income tax return, and, in particular, whether the Form 4868 was filed "on or before the due date for filing" her 1990 tax return. The taxpayer bears the burden of proving that the filing of her application was timely. Funk v. Commissioner, 687 F.2d 264, 266 (8th Cir. 1982), affg. T.C. Memo. 1981-506; Ehrlich v. Commissioner, 31 T.C. 536, 540 (1958). If the application for extension and the income tax return were mailed on or before the required dates, i.e., April 15, 1991, and August 15, 1991, both documents would be considered as having been timely filed under section 7502(a)(1), which provides generally that, if any "return, claim, statement, or other document required to be filed" is mailed, but delivered to the appropriate agency after the prescribed due date, the date of the U.S. postmark stamped on the cover in which the required document was mailed shall be *132 deemed to be the date of delivery to the government agency. Such filing date shall be considered a timely filing if the postmark date on the mailing cover of the document falls on or before the prescribed date for filing the document, sec. 7502(a)(2), and the document at issue is in fact delivered to and received by the agency with which the document is required to be filed. Sec. 301.7502-1(d)(1), Proced. & Admin. Regs. Petitioner presented no evidence to establish mailing dates of her application for an extension to file her return and the return itself prior to the respective dates these two documents were required to be filed. Other than her testimony that both documents were mailed prior to the respective required dates, she offered no corroborating evidence that the documents were timely mailed. On this record, the Court sustains respondent on this issue. Decision will be entered for respondent.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. The notice of deficiency was addressed to petitioner at Tempe, Arizona; however, the petition recites petitioner's legal residence as Grants Pass, Oregon. The record is not clear that petitioner ever lived at Grants Pass, Oregon. She testified at trial that this was merely a mailing address. In any event, the question is of no significance because both Oregon and Arizona are within the jurisdiction of the U.S. Court of Appeals for the Ninth Circuit.↩
1. The $ 2,123 represents 80 percent of $ 2,654 for meals and entertainment pursuant to sec. 274(n).↩
3. Petitioner claimed other Schedule C expenses on her return that were not adjusted by respondent. Some of these expenses appear to the Court to be related to the computer equipment petitioner used in her business activity. For example, some of the allowed expenses are: Depreciation, $ 1,600; Insurance, $ 166; Office Expenses, $ 893; Repairs and maintenance, $ 22; Taxes and licenses, $ 251; and Utilities, $ 948. Therefore, regardless of how the Court rules on the office in the home issue, petitioner has been allowed deductions for expenses attributable to the computer equipment she used in her business as well as other expenses.↩
4. Sec. 162(a), effective for costs paid or incurred after Dec. 31, 1992, provides that "For purposes of paragraph (2) [traveling expenses while away from home], the taxpayer shall not be treated as being temporarily away from home during any period of employment if such period exceeds 1 year." Energy Policy Act of 1992, Pub. L. 102-486, sec. 1938(a), 106 Stat. 2776, 3033.↩
5. The expenses are also not deductible for the additional reason that the amounts claimed were not substantiated as required by sec. 274(d). Sec. 274(d) provides generally that no traveling expenses incurred while away from home or for entertainment shall be allowed as a deduction unless the deductions are substantiated by adequate records or sufficient evidence corroborating the taxpayer's statement as to (A) the amount of the expense, (B) the time and place of the travel and entertainment, (C) the business purpose of the expense, and (D) the business relationship to the taxpayer of the persons entertained.↩