NORMAN A. PRESSON AND DORIS J. PRESSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Presson v. Commissioner
Docket No. 2900-86.
United States Tax Court
T.C. Memo 1988-191; 1988 Tax Ct. Memo LEXIS 222; 55 T.C.M. (CCH) 753; T.C.M. (RIA) 88191; May 3, 1988. Charles F. Murray, for the petitioners. Edsel Ford Holman, Jr., for the respondent. GOLDBERG
MEMORANDUM FINDINGS OF FACT AND OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of *223 section 7443A(b)(3) of the Internal Revenue Code of 1986. [1]
In a notice of deficiency dated November 1, 1985, respondent determined a $ 1,087 deficiency in petitioners' 1982 Federal income tax and a $ 1,890 deficiency in petitioners' 1983 Federal income tax. After a concession by respondent, [2] the issue remaining for decision is whether petitioner Norman A. Presson is entitled to deductions under section 162(a)(2) for travel expenses incurred in commuting from his residence to his job in Union City, Tennessee. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Jackson, *224 Tennessee when they filed their petition. They timely filed their 1982 and 1983 joint Federal income tax returns. Petitioner Norman A. Presson (hereinafter referred to as petitioner in the singular) was employed as a conductor-brakeman by the Illinois Central Gulf Railroad. He was a member of the Jackson and Okolona (J&O) union district. The Illinois Central Gulf Railroad (the railroad) was the product of the 1972 merger of the Illinois Central Railroad and the Gulf Mobile and Ohio Railroad. As a result of the merger, pre-merger union employees were given certain job guarantees, including a guaranteed per-hour wage. To obtain his wage guarantee, petitioner was required to bid for the highest paying job available at the railroad, considering his seniority. Despite petitioner's having been a railroad employee since 1957, approximately 17 or 18 employees had greater seniority than petitioner. With respect to his wage guarantee, the highest paying job petitioner could obtain was located at the Union City, Tennessee terminal. To obtain a job at Union City, petitioner was required to bid for an assignment to that location every 120 days. Due to a special agreement between two union *225 districts, workers from the J&O district were assigned to Union City 95 percent of the year, and workers from the Fulton, Kentucky district were assigned to Union City five percent of the year. Generally among senior railroad employees, the Union City job was considered to be undesirable because the assignment was dirty, dangerous, and the 12-hour shifts were physically demanding. Moreover, senior employees were able to obtain their wage guarantees by working at other locations. Petitioner had the option of bidding for a job in a different location, in which case he would not earn his guaranteed wages. Although petitioner had to outbid 17 or 18 senior employees for a job at Union City, he was able to obtain that assignment for approximately 81 percent of his total work time in 1982 and approximately 92 percent of his total work in 1983. [3] Union City is a 130-mile round trip from petitioner's Jackson, Tennessee residence. When petitioner reported to work at Union City, he returned home on the same day. *226 On forms 2106 attached to his 1982 and 1983 joint Federal income tax returns, petitioner claimed employee business expenses of $ 4,500 for 1982 and $ 5,398 for 1983. These deductions represent petitioner's automobile mileage expenses in commuting from his residence in Jackson to his job in Union City. Respondent disallowed the deductions in both years and contends that the commuting expenses claimed were nondeductible, personal expenses under section 262. Section 162(a)(2) allows a taxpayer to deduct traveling expenses, including the cost of meals and lodging, if they are: (1) ordinary and necessary; (2) incurred while "away from home"; and (3) incurred in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Bochner v. Commissioner,67 T.C. 824, 827 (1977). The resolution of this case depends on whether petitioner incurred his expenses while "away from home." Determining whether a taxpayer is "away from home" hinges on whether the employment at the distant location is temporary or indefinite. See Peurifoy v. Commissioner,358 U.S. 59 (1958). If the employment is temporary, the taxpayer's tax *227 home is his primary residence. If a taxpayer's employment is indefinite, his tax home for purposes of section 162(a)(2), is the situs of his indefinite job. Kroll v. Commissioner,49 T.C. 557, 562 (1968). Wether petitioner's employment was temporary or indefinite is a question of fact. Peurifoy v. Commissioner, supra;Frederick v. United States,603 F.2d 1292, 1296 (8th Cir. 1979). The burden of proof is on petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Employment is "temporary" if it can be expected to last only for a short period of time. Mitchell v. Commissioner,74 T.C. 578, 581 (1980); Stricker v. Commissioner,54 T.C. 355, 361 (1970), affd. 438 F.2d 1216 (6th Cir. 1971). In contrast, employment is "indefinite" when it appears that the work will continue for an indeterminate or substantially long period of time. Cockrell v. Commissioner,321 F.2d 504, 507 (8th Cir. 1963), affg. 38 T.C. 470 (1962). Even if a job is temporary at the time it is accepted, later developments may show that it has become indefinite. See *228 Kasun v. United States,671 F.2d 1059 (7th Cir. 1982); Boone v. United States,482 F.2d 417 (5th Cir. 1973). Further, the fact that employment lacks permanence does not make that employment temporary. Kennedy v. Commissioner,451 F.2d 1023 (3d Cir. 1971), affg. per curiam a Memorandum Opinion of this Court; Garlock v. Commissioner,34 T.C. 611 (1960). Employment generally is considered "indefinite" rather than "temporary," unless termination is foreseeable within a short time. Michel v. Commissioner,629 F.2d 1071 (5th Cir. 1980), affg. a Memorandum Opinion of this Court. [4]
On the record before us, we find that petitioner has failed to satisfy his burden of proving that the termination of his job was foreseeable within a short period of time. Petitioner worked out of Union City 81 percent of the time in 1982 and 92 percent of the time in 1983. In fact, the record shows that petitioner worked out of Union City for the majority of his work time since 1980. Although petitioner was required to bid for his job at Union *229 City every 120 days, he consistently got assigned there because workers with more seniority than petitioner preferred jobs at other locations. On the few occasions that petitioner was displaced from employment as conductor at the Union City terminal by an employee with greater seniority, he was able to obtain a job at Union City as brakeman. Moreover, petitioner had economic incentive to continually bid for a job at Union City, because it was at that location that he could earn his wage guarantee. On these facts, it is clear that petitioner could be expected to remain at Union City for an indefinite period. Petitioner contends that the lack of permanence of the job at Union City made the job temporary. Lack of permanence, however, does not by itself make a job temporary. Kennedy v. Commissioner, supra;Garlock v. Commissioner, supra.Petitioner argues that because he could be outbid for his job, and because the special union agreement between the J&O district and the Fulton district was subject to change, he had no assurance of how long his Union City job would last. These facts point to the nonpermanent nature of petitioner's employment and do not *230 prove that his employment was temporary. McCallister v. Commissioner,70 T.C. 505, 510 (1978). [5] The substantial duration of petitioner's employment at Union City supports the conclusion that his employement was "indeterminate in fact as it develop[ed]." Norwood v. Commissioner,66 T.C. 467, 471 (1976). Based on the record as a whole, we find that expenses petitioner incurred in traveling to his job at Union City were personal commuting expenses and were not deductible under section 262. Due to respondent's concession, Decision will be entered under Rule 155.
Footnotes
1. Hereinafter, all section references are to the Internal Revenue Code of 1954, as amended and as in effect in the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. ↩
2. Respondent concedes that petitioner is entitled to deductions under section 162(a)(2) for automobile mileage expenses incurred in traveling from his residence to jobsites other than Union City, Tennessee. ↩
3. The percentage of petitioner's Union City work time is calculated as follows: 1982
PERCENTAGE OF
TOTAL WORK
WORK DAYS AT
WORK DAYS NOT
WORK DAYS AT
MONTH
DAYS
UNION CITY
AT UNION CITY
UNION CITY
January
24
22
2
91.6%
February
20
15
5
75.0%
March
26
26
0
100.0%
April
13
3
10
23.1%
May
20
10
10
50.0%
June
17
12
5
70.6%
July
5
5
0
100.0%
August
24
24
0
100.0%
November *
24
19
5
79.2%
December
18
18
0
100.0%
191
154
37
80.6%
* The record does not explain the absence of petitioner's work records for September and October. ↩
1983
PERCENTAGE OF
TOTAL WORK
WORK DAYS AT
WORK DAYS NOT
WORK DAYS AT
MONTH
DAYS
UNION CITY
AT UNION CITY
UNION CITY
January
26
26
0
100.0%
February
23
12
11
52.2%
March
25
25
0
100.0%
April
22
22
0
100.0%
May
16
16
0
100.0%
June
14
12
2
85.7%
July
22
22
0
100.0%
August
27
27
0
100.0%
September
17
16
1
94.1%
October
23
17
6
73.9%
November
3
3
0
100.0%
December
28
28
0
100.0%
246
226
20
91.9%
4. See also Boykin v. Commissioner,T.C. Memo. 1984-297↩. 5. Davis v. Commissioner,T.C. Memo. 1971-36↩.