**A. J. MICHEL, Jr. and Raymonde A. Michel, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 77–3422
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Nov. 5, 1980.

A. J. Michel, Jr., pro se.

M. Carr Ferguson, Asst. Atty. Gen., Wynette J. Hewett, Gilbert E. Andrews, Acting Chief, R. Russell Mather, Tax Div., Appellate Section, U. S. Dept. of Justice, Jerold D. Cohen, Washington, D. C., for respondent–appellee.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

The United States Tax Court held that the taxpayer is not entitled to deduct from income under § 162(a)(2) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 162(a)(2), the sums he received from his employer as reimbursements for travel expenses while working overseas. We affirm on the ground that the expenses were not incurred while "away from home" within the meaning of § 162(a)(2), as reasoned in the opinion of Judge Raum, the decisive portion of which is attached hereto as an Appendix.

AFFIRMED.

### APPENDIX

#### OPINION

Petitioner A. J. Michel, Jr., an employee of Lockheed Aircraft Corporation, was assigned to Tehran, Iran, during the entire taxable year here in question, 1974. He received from Lockheed $13,192.03 during that year as reimbursement for meals, lodging and automobile mileage in Tehran. Although petitioners frame the issue in the case as whether they are required to report the reimbursements as income, it is clear that such reimbursements constitute gross

income to petitioners within the meaning of section 61, I.R.C.1954. *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483; *Coombs v. Commissioner*, 67 T.C. 426, 470 (on appeal, C.A.9); *Verner v. Commissioner*, 39 T.C. 749; see *Cockrell v. Commissioner*, 38 T.C. 470, affirmed 321 F.2d 504 (C.A.8). The real issue, then, is whether petitioners are entitled under section 162(a)(2), I.R.C.1954, to a deduction of $13,192.03 for expenses for meals and lodging incurred while away from home in the pursuit of a trade or business.[3] Since the Commissioner has not denied that petitioners did in fact expend the amounts claimed for the purposes alleged, the only issue for our decision is whether A. J. Michel, Jr., was "away from home" within the meaning of section 162(a)(2) when he was in Tehran, Iran, during 1974. See *Commissioner v. Flowers*, 326 U.S. 465, 66 S.Ct. 250, 90 L.Ed. 203. We hold that he was not.

■ The question of whether a taxpayer is away from home within the meaning of section 162(a)(2) is essentially a question of fact to be determined from all the facts and circumstances of the case, *Scotten v. Commissioner*, 391 F.2d 274 (C.A.5); see *Tucker v. Commissioner*, 55 T.C. 783, 786, but the principles that guide the decision have long been established. See, e. g. *Kroll v. Commissioner*, 49 T.C. 557, 561–63. A taxpayer's home, for purposes of section 162(a)(2), means the vicinity of his principal place of employment and not where his personal residence is located, if such residence is located in a different place from his principal place of employment. *Tucker v. Commissioner, supra*, 55 T.C. at 786; *Kroll v. Commissioner, supra*, 49 T.C. at 561–62; cf. *Commissioner v. Stidger*, 386 U.S. 287, 290–91, 87 S.Ct. 1065, 1067–68, 18 L.Ed.2d 53. When a taxpayer who maintains a residence in the vicinity of his principal place of employment is required to

travel to a different location for temporary work, he is considered to be "away from home". *Peurifoy v. Commissioner*, 358 U.S. 59, 60–61, 79 S.Ct. 104, 105, 3 L.Ed.2d 30; *Michaels v. Commissioner*, 53 T.C. 269; *Dowd v. Commissioner*, 37 T.C. 399. A taxpayer who accepts permanent or indefinite employment in a location different from that of his residence, however, is considered to have moved his tax home to the new location, and is therefore no longer considered away from home. *Jones v. Commissioner*, 444 F.2d 508 (C.A.5), affirming 54 T.C. 734; *Tucker v. Commissioner, supra*, 55 T.C. 783; *Kroll v. Commissioner, supra*, 49 T.C. 557; *Cockrell v. Commissioner, supra*, 38 T.C. 470, affirmed 321 F.2d 504 (C.A.8). A job may be considered indefinite or permanent if, under all the circumstances, it appears likely to last beyond a short period of time, even if there is no firm commitment that it will do so. *Cockrell v. Commissioner, supra*, 38 T.C. at 479. A job which is temporary at the outset, may become permanent or indefinite by a change of circumstance or merely the passage of time. *Norwood v. Commissioner*, 66 T.C. 467, 470; *Verner v. Commissioner*, 39 T.C. 749, 754. Finally, an itinerant worker who maintains no permanent residence is never considered away from home because he has no home to be away from. *James v. United States*, 308 F.2d 204 (C.A.9); *Scotten v. Commissioner, supra*, 391 F.2d 274 (C.A.5), affirming a Memorandum Opinion of the Court; *Bochner v. Commissioner*, 67 T.C. 824, 828; *Wirth v. Commissioner*, 61 T.C. 855, 859.

■ Petitioner A. J. Michel, Jr., has been employed since 1968 as a travelling service representative for Lockheed. His job is to provide service and training for the purchasers of Lockheed aircraft at their places of business. Under Lockheed's contracts with the purchasers, Lockheed provides such services for at least one year

---

**3.** As a matter of administrative convenience, the Commissioner in some cases permits taxpayers to omit from their returns reimbursements from their employers of expenses deductible under section 162(a)(2). Section 1.162 17(b), Income Tax Regs. He also has ruled that such reimbursed, deductible expenses need not be included in a taxpayer's earned income for purposes of section 911. Internal Revenue Service, Tax Guide for U. S. Citizens Abroad, 1975 edition (Publication 54). In both cases, however, the precondition for such treatment is that the reimbursed expenses be deductible under section 162(a)(2).

after sale, and often for longer periods up to five years. In the course of his employment, petitioner has been assigned under long—term service contracts in Louisiana, Pakistan, Saudi Arabia, Iran, Abu Dhabi, and Bolivia. The shortest of these assignments, Pakistan, lasted six months; the others all lasted more than a year and the longest, Saudi Arabia, lasted four years. Petitioner has lived outside the United States virtually continuously since 1968, qualifying for the benefits of section 911 in each of the years 1968 through 1974. He does not maintain a house in the United States. Under the circumstances, for purposes of section 162(a)(2), petitioner must be considered to have moved his tax home from assignment to assignment. *Scotten v. Commissioner, supra*, 391 F.2d 274 (C.A.5); *Wirth v. Commissioner*, 61 T.C. 855; *Tucker v. Commissioner, supra*, 55 T.C. at 786–87. The facts that petitioner's employer was located in Atlanta, Georgia, and that petitioner may have returned to Atlanta between assignments for brief periods, are insufficient to make Atlanta his tax home during his extended periods of residence abroad. *Jones v. Commissioner, supra*, 54 T.C. at 740; see *Claunch v. Commissioner*, 29 T.C. 1047, 1051–52, affirmed 264 F.2d 309 (C.A.5). Indeed, petitioner concedes that his tax home was Saudi Arabia during the four years he lived there.

Petitioner argues, however, that at the conclusion of his stay in Saudi Arabia he was reassigned to Atlanta, Georgia, and that he in fact returned to Atlanta and established his residence there. Petitioner did rent an apartment in Atlanta in the fall of 1972, upon his return from Saudi Arabia, and he and his wife lived there for a period of one or two months. Petitioner next argues that his assignment from Atlanta to Tehran was temporary, and that he maintained his residence for tax purposes in Atlanta throughout his stay in Tehran. Assuming that petitioner established a tax home in Atlanta in the fall of 1972, and even assuming that petitioner's initial assignment to fulfill the last two months of a one—year contract in Tehran could ·be con-

sidered a temporary assignment away from his home in Atlanta, we cannot conclude that he was away from home in 1974. Upon his original departure for Tehran petitioner expected that his two—month assignment would likely be extended for another year. He immediately released his Atlanta apartment, and his wife went to live with her mother. In early 1973, when it was clear that he would remain in Tehran another year, petitioner rented an apartment in that city and his wife flew from the United States to live in Tehran with him. Petitioner's tour of duty was extended to the end of 1974, and he and his wife remained in Tehran throughout 1973 and 1974, except that his wife returned to Atlanta to visit her mother in the fall of 1973. They had brought an undisclosed portion of their belongings with them, and had stored some effects in Atlanta. These facts strongly suggest that, prior to the beginning of 1974, petitioner's employment in Tehran had ceased to be temporary and had become indefinite in character, and that petitioner's tax home became Tehran. *Norwood v. Commissioner, supra*, 66 T.C. at 470; *Verner v. Commissioner*, 39 T.C. at 754; *Cockrell v. Commissioner, supra*, 38 T.C. at 479.

Petitioner stresses the fact that, in view of economic and political realities of life in Iran, neither he nor Lockheed could be sure that petitioner would be permitted to fulfill his anticipated tour of duty in Iran. He has conceded, however, that his immediate commanding officer, Colonel Poleesien, expressed satisfaction with his work as early as December 1972, and specifically required that petitioner be the technician assigned under contracts GLX 139 and 232 for the years 1973 and 1974. He has also conceded that Lockheed anticipated from the beginning that contract GLX 139 would be extended at the end of 1972 through the end of 1973, which in fact occurred. And we have repeatedly held that it is the reasonable expectation of indefinite employment, not absolute certainty thereof, which renders the new business locale the taxpayer's home for purposes of section 162(a)(2). *Cockrell v. Commissioner, supra*, 38 T.C. at 479; *Albert v. Commissioner*, 13 T.C. 129,

131. Moreover, petitioner's job was to perform technical services under Lockheed contracts in various countries throughout the world, for varying periods of time and under varying political regimes. Unlike the taxpayers in *Michaels, supra,* and *Dowd, supra,* he did not have an established place of work in the United States, where he had been stationed for a substantial length of time and where he had maintained a permanent residence for himself and his family. Cf. *James v. Commissioner, supra,* 308 F.2d 204 (C.A.9); *Scotten v. Commissioner, supra,* 391 F.2d 274 (C.A.5). He had no expenses for maintaining any residence in Atlanta while he himself was working in Tehran. See *Michaels v. Commissioner, supra,* 53 T.C. at 274–75. And where we found as a fact that the taxpayer in *Dowd* did not at any time intend to remain in Japan indefinitely or permanently, see *Dowd v. Commissioner,* 37 T.C. at 409, we think the reasonable inference to be drawn from petitioner's testimony is that he expected to remain in Iran for as long as Lockheed's work and his own political and technical acceptability permitted. On the basis of this record, we hold that, during 1974, petitioner's tax home was Tehran, Iran, and he is not entitled to a deduction for expenses for meals and lodging in Tehran.