**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 93-4969

RICHARD J. PUTNAM and
DORETHA G. PUTNAM,

Plaintiff-Appellee,

VERSUS

UNITED STATES OF AMERICA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Louisiana

(September 9, 1994)

Before REYNALDO G. GARZA, DeMOSS and PARKER,[1] Circuit Judges.

DeMOSS, Circuit Judge:

Retired federal judge Richard J. Putnam and his wife Dorethea[2] brought this tax refund suit under I.R.C. § 6532(a)(1) after the IRS disallowed their claim for refund of $2,781.00 and

---

[1]When this case was argued, the Honorable Robert M. Parker, Chief Judge of the Eastern District of Texas, was sitting by designation. Judge Parker has since been confirmed as a member of this Court.

[2]The record refers incorrectly to Mrs. Putnam as Doretha; we correct this error in the text of the opinion.

$1,320.40 in federal income taxes, plus interest, for the years 1985 and 1986, respectively. The case raises novel tax issues concerning the deductibility of travel and subsistence expenses incurred by a retired federal judge while traveling between his "official duty station," statutorily defined to be the place where he maintains his residence, and the nearby courthouse to which he has been assigned.

## BACKGROUND

Judge Richard J. Putnam was appointed as a federal district judge for the Western District of Louisiana in 1961. At that time and up to the present, Judge Putnam and his wife Dorethea have resided in Abbeville, Louisiana. Until his retirement in 1975, Judge Putnam held court in Lafayette, some 20 miles from his home in Abbeville. Upon his retirement, Judge Putnam's place of residence, or Abbeville, became his official duty station pursuant to 28 U.S.C. § 374.

During 1985 and 1986, Judge Putnam was recalled to serve in the Western, Eastern, and Middle Districts of Louisiana.[3] During this period, Judge Putnam's primary point of service was Lafayette, where he was provided chambers in the federal courthouse. While serving there, Judge Putnam incurred automobile expenses occasioned by his commute from Abbeville to Lafayette.[4] He also incurred subsistence expenses for mid-day

---

[3]This assignment was made on a year to year basis pursuant to 28 U.S.C. §§ 292(b) and 294(c).

[4]These expenses included gasoline, oil, repairs, insurance and depreciation.

meals taken in Lafayette.  He was reimbursed, in part, for both types of expense by the Administrative Office of the United States ("AO"), pursuant to 28 U.S.C. § 456(a).[5]

On their 1985 and 1986 joint tax returns, the Putnams excluded the AO reimbursements for meals from their gross income and took a deduction for the automobile expenses that were in excess of the AO reimbursements received.[6] After an audit, the IRS included all AO reimbursements in the Putnam's taxable income and disallowed the business deductions, reasoning that because Judge Putnam's "tax home" was the federal courthouse in Lafayette, he was not traveling "away from home" as required by I.R.C. § 162(a)(2), the traveling expense deduction provision. Therefore, the IRS concluded, the automobile and meal expenses were non-deductible personal commuting and living expenses, rather than deductible business expenses. Accordingly, the IRS assessed additional tax, plus interest, for the years 1985 and 1986, which the Putnams paid.

---

[5]The AO reimbursed Judge Putnam for his automobile expenses on a per mile basis and the reimbursements received were less than the actual expenses incurred. For meal expenses, however, AO reimbursements equaled Judge Putnam's actual meal expenditures.

[6]On his 1985 return, Judge Putnam reported employee business expenses of $7,900, subtracted employer reimbursements of $2,796, and claimed a net deduction of $5,104.  On his 1986 return, he reported employee business expenses of $4,655, subtracted employer reimbursements of $3,218, and claimed a deduction in the amount of $1,437.
Judge Putnam's decision to exclude the $1,392 in AO reimbursements for meals taken in Lafayette was based on treasury regulation 26 C.F.R. § 1.162-17(b), which excuses reporting of certain otherwise deductible business expenses when the employee is required to account to the employer for such expenses and the expenses equal the reimbursements received from the employer.

Thereafter, the Putnams filed a formal claim for refund. In the refund claim they again offset their actual automobile expense against the automobile reimbursements and claimed a deduction for the excess expense. The Putnams also sought to exclude from their taxable income the AO reimbursements received. After the IRS disallowed their claim, the Putnams filed this suit.

Both parties stipulated to the relevant facts and filed cross-motions for summary judgment, waiving oral argument on the motions. The District Court entered summary judgment for the Putnams, holding that I.R.C. § 162(a)(2) entitled Judge Putnam to deduct for both the expenses of commuting between his residence in Abbeville and the federal courthouse in Lafayette and the cost of his mid-day meals while in Lafayette. Putnam v. United States, 826 F. Supp. 988 (W.D. La. 1993). Accordingly, the District Court awarded the Putnams a refund of $5,509.42 in income tax and assessed interest paid for 1985 and 1986, together with statutory interest on this amount. The United States appeals this judgment.

After reviewing the district court's judgement de novo, we find that Judge Putnam's transportation and meal expenses were personal commuting expenses, which are not deductible as business expenses under I.R.C. § 162. The parties to this case have stipulated to the relevant facts necessary to this appeal and this Court can reach the remaining issues as a matter of law. We reverse the district court's summary judgment in favor of the

4

Putnams and order entry of summary judgment in favor of the Government. The plaintiffs will take nothing on their refund claim based upon Judge Putnam's personal commuting expenses.

## DISCUSSION

This case presents the Court with an opportunity to explore the relationship, if any, between 28 U.S.C. §§ 374 and 456, which entitle federal judges to reimbursement for travel expenses, and I.R.C. § 162, which establishes when business expenses may be deducted from a taxpayer's reported gross income. Title 28 U.S.C. §456(a) authorizes the Director of the AO to reimburse federal judges for transportation and subsistence expenses incurred while transacting official business away from the judge's official duty station. The "official duty station" of a justice or judge is designated by statute and is used to determine when a judge is entitled to reimbursement for traveling expenses. Section 456(f) states that the official duty station of a retired judge is determined by 28 U.S.C. § 374. Section 374 states, in relevant part:

> Retired judges of the United States are not subject to restrictions as to residence. The place where a retired judge maintains the actual abode in which he customarily lives shall be deemed to be his official station for purposes of section 456 of this title.

Prior to his retirement in 1975, Judge Putnam was not entitled to reimbursement for automobile or meal expense

5

occasioned by his commute to Lafayette.[7] Once he was recalled from retirement, the AO interpreted section 374 as entitling Judge Putnam to reimbursement for the expenses he incurred in making the same commute to Lafayette. The Government does not contend that Judge Putnam should not have been reimbursed for his expenses and the propriety of the reimbursement is not at issue in this case. Rather, the question presented here is whether, by providing that retired judges would be reimbursed for travel from the place where they maintain their residence, Congress intended to extend an automatic tax deduction for those expenses under the traveling expense deduction provision I.R.C. 2 § 162.

The Government contends that Judge Putnam may not take business deductions for the expenses occasioned by his travel between his home in Abbeville and his chambers in Lafayette, because those expenditures are essentially personal "commuting" expenses, which are not deductible. The Putnams and amicus respond by arguing, in effect, that the "no tax deduction for mere commuting" rule is inapplicable to retired federal judges who are recalled to service, because the tax law contravenes the policy underlying enactment of the judicial reimbursement provisions in 28 U.S.C. § 374 and 456, which is to provide incentives to federal judges to return to service.

---

[7]The official duty station of a district court judge is that place where regular court sessions are held and the judge performs a substantial part of his work which is nearest the judge's residence. 28 U.S.C. § 456(d). Prior to his retirement, Judge Putnam's official duty station was Lafayette. Therefore, he was not entitled to reimbursement for expenses associated with his travel there each day.

## I.
## THE ORDINARY TAXPAYER AND
## BUSINESS EXPENSE DEDUCTIONS
## UNDER I.R.C. § 162

It seems clear that if Judge Putnam is subject to the same tax laws as any other citizen, his transportation and meal expenses are not deductible. Traveling expenses are not deductible unless they meet three conditions: (1) the expense must be reasonable and necessary; (2) the expense must be incurred while "away from home"; and (3) the expense must be incurred "in pursuit of business." Commissioner v. Flowers, 326 U.S. 465, 470 (1946). Failure to satisfy even one of the three conditions destroys the traveling expense deduction. Flowers, 326 U.S. at 472. Whether Judge Putnam's expenses were reasonable or necessary has not been disputed. Instead, the controversy centers around whether his expenditures were incurred while "away from home" and "in pursuit of business" as required by I.R.C. § 162(a)(2). We conclude that they were not.

**A. The requirement that travel expenses be incurred "away from home."**

A taxpayer's "home" for purposes of business deductions under 26 U.S.C. § 162 is that place where he performs his most important functions or spends most of his working time. Commissioner v. Soliman, 113 S. Ct. 701, 706 (1993). Our Court has repeatedly held "that the term "home" for purposes of § 162 means the vicinity of the taxpayer's principal place of business and not where his personal residence is located. Michel v. Commissioner, 629 F.2d 1071, 1073 (5th Cir. 1980); Curtis v. Commissioner, 449 F.2d 225,

227 (5th Cir. 1971); <u>Jones v. Commissioner</u>, 444 F.2d 508, 509 (5th Cir. 1971); <u>see</u> <u>also</u> <u>Flowers</u>, 326 U.S. at 474 ("[b]usiness trips are to be identified in relation to business demands and the traveler's business headquarters"). Thus, for purposes of I.R.C. § 162, "home" does not have its usual and ordinary meaning. In fact, "home" -- in the usual case -- means "work."

The parties stipulated that Judge Putnam did not maintain an office in Abbeville, although he did occasionally perform some research in a law library there. During his recalled service, he was provided chambers and held court on a daily basis in Lafayette. The 20 mile commute did not impose on him the necessity of taking lodgings for sleep or rest before returning from Lafayette each evening. <u>See</u> <u>United States v. Correll</u>, 389 U.S. 299, 302-03 (1967) ("the Commissioner has consistently construed travel 'away from home' to exclude all trips requiring neither sleep or rest....[b]y so interpreting the statutory phrase, the Commissioner has achieved not only ease and certainty of application but also substantial fairness").

The courts have recognized two exceptions to the general rule that a taxpayer's home is determined with reference to his principal place of business. However, neither exception is applicable here. For example, "if the taxpayer chooses to maintain his residence at a place far removed from his place of business, the travel expenses are not `ordinary and necessary' since [they are] not dictated by business needs. On the other hand, if the taxpayer cannot reasonably maintain his residence at his place of

8

business, the travel expenses are `ordinary and necessary' and hence deductible." Commissioner v. Stidger, 386 U.S. 287, 298 (1967). This principle was applied prior to the Stidger decision by this Court in United States v. LeBlanc, 278 F.2d 571 (5th Cir. 1960), a case in which the facts, are at first glance, deceptively similar to the present case. LeBlanc allowed a Louisiana Supreme Court Justice, who was required to work in New Orleans for approximately nine months of every year, to deduct from gross income as travel expenses the cost of an apartment in New Orleans which was occupied by the Judge and his wife when he was in attendance on the Supreme Court. In that case, it was a condition of Judge LeBlanc's position as an Associate Justice that he also maintain a permanent residence in the geographic district from which he was elected. LeBlanc, 278 F.2d at 575 (the Louisiana Constitution required justices moving from their election district to vacate office). At the same time, "the exigencies of business" required that Judge LeBlanc be present in New Orleans to hold court. Because Louisiana required that he maintain two "homes," separated by a distance of some 75 miles, this Court properly held that the expenses incurred in New Orleans, while away from his permanent residence, were deductible traveling expenses, rather than personal commuting expense. Judge Putnam was neither required by law to maintain two homes nor placed in a position where he needed to take lodgings or rest before returning home to Abbeville each day. The LeBlanc exception, therefore, does not transform Judge Putnam's expenses into deductible traveling expenses.

9

The Supreme Court has also recognized that when employment is temporary, rather than indefinite or indeterminate, the taxpayer's tax home may be his place of residence rather than the temporary workplace. Peurifoy v. Commissioner, 358 U.S. 59 (1958). However, no serious attempt has been made to bring Judge Putnam's service in the Lafayette courthouse, which spanned two years, within the Peurifoy exception.[8] Thus, under the law applicable to the ordinary taxpayer, Lafayette, and not Abbeville, was Judge Putnam's tax home and his expenses were not incurred "away from home" as required by § 162(a)(2).[9]

**B.    Requirement that travel expenses be incurred in pursuit of a trade or business.**

Travel expenses must also be incurred "in pursuit of a trade or business." I.R.C. § 162(a)(2). To be characterized as such, a taxpayer must travel beyond the point where he commutes on a daily basis to execute the functions of his office. Flowers, 326 U.S. at 473. The cost of commuting is unquestionably a personal, and therefore nondeductible, expense. Id. at 470 (meals, lodging and transportation expenses incurred in commuting are nondeductible

_____

[8]In 1992 Congress amended § 162(a) by expressly providing that taxpayers will not be treated as being temporarily away from home if the period of employment exceeds one year. I.R.C. § 162(a).

[9]Although the location of a taxpayer's tax home is generally a question of fact that is determined by the circumstances of the individual case, the legal principles which guide that determination have long been established. Michel v. Commissioner, 629 F.2d 1071, 1073 (5th Cir. 1980). Because the parties have stipulated to all of the necessary facts, this Court can, by applying well-established legal principles, decide the location of Judge Putnam's tax home.

10

personal and living expenses); <u>Steinhort v. Commissioner</u>, 335 F.2d 496 (5th Cir. 1964) ("[d]eeply ingrained in the whole tax structure -- memorialized now by literally hundreds of tax rulings, Tax and other Court decisions in such numbers as to give some factual credence to what is so often pure fiction that Congress by legislative non-action has put its imprimatur upon a settled administrative practice -- is the basic proposition that the cost of going to and from home and an established place of business is a nondeductible expenditure"); <u>see also</u> I.R.C. § 262 ("no deduction shall be allowed for personal, living, or family expenses"). Commuting expenses are not incurred in pursuit of business and are therefore not deductible as a traveling expense under § 162(a)(2). <u>Flowers</u>, 326 U.S. at 470 & 474; <u>see also</u> <u>United States v. Correll</u>, 389 U.S. 299 (1967) (meal expenses incurred traveling are not deductible unless the traveler was required to sleep or rest before returning home).

The Putnams' argument that the meal expenditures are nonetheless deductible under the more general "ordinary and necessary" provisions of § 162 is equally unprevailing. Meals are not deductible unless the expense is different from or in excess of that which would have been made for the taxpayer's personal purposes. <u>Moss v. Commissioner</u>, 758 F.2d 211, 213 (7th Cir.), <u>cert. denied</u>, 474 U.S. 979 (1985). Judge Putnam alleges no purpose for his lunches, other than his own subsistence, and we can not see how these expenditures aided the development or business of the federal district courts. The federal courts did not dictate the

11

location, duration or content of Judge Putnam's mid-day meals. See Christey v. United States, 841 F.2d 809 (8th Cir. 1988), cert. denied, 489 U.S. 1016 (1989) (holding that because state imposed substantial restrictions on state trooper's lunch arrangements, lunch expenses were deductible as "ordinary and necessary" business expenses under general provisions of § 162(a)).

Similarly, the argument that Judge Putnam would not have incurred the expenses "but for" the fact that he was recalled to service in Lafayette cannot prevail. The fact that an expense would not have been incurred "but for" the taxpayer's engaging in a trade or business is not sufficient to allow a deduction when the expense is personal or otherwise nondeductible. Both commuting and daily meal expenses are classic examples of expenses which may enable a taxpayer to work but which are not incurred in the conduct of that trade or business. Under the rules applicable to the ordinary taxpayer, Judge Putnam's automobile and meal expenses were neither "necessary" under the general provisions of § 162 nor incurred "in pursuit of business" as required by § 162(a)(2).

## JUDGES AS TAXPAYERS: THE EFFECT OF THE JUDICIAL REIMBURSEMENT STATUTES ON THE DEDUCTIBILITY OF BUSINESS EXPENSES UNDER THE TAX CODE

The district court allowed the judicial reimbursement provisions in 28 U.S.C. § 374 and 456 to suspend application of these well-settled tax principles; it found that Abbeville was not only Judge Putnam's "official duty station" pursuant to 28 U.S.C. §§ 374 and 456, but also his "tax home" for purposes of I.R.C. §

12

162(a)(2), and that his expenses were incurred "in pursuit of business." The district court reasoned that Congress, by designating a retired judge's residence as his "official duty station" and by providing reimbursement for travel from that point, intended to extend an automatic tax deduction to these expenses as well.

We are not persuaded. By their terms, the judicial reimbursement statutes merely provide that retired judges, once recalled, will be reimbursed for travel from the place of their residence rather than from the place of their last official duty station. 28 U.S.C. §§ 374 & 456. Neither the reimbursement statutes nor the Internal Revenue Code purports to alter the existing tax laws controlling the deductibility of these expenses. In fact, 28 U.S.C. § 374 appears to expressly limit its application to entitlement to reimbursement under section 456. See 28 U.S.C. § 374 (defining the official duty station of retired judges "for the purposes of section 456 of this title" (emphasis added)). Likewise, the legislative history of § 374 does not indicate that Congress intended to alter application of the usual tax laws as to the reimbursements allowed by that provision. What the legislative history indicates is that Congress wanted to insure that retired federal judges being recalled to service would be fully reimbursed for travel from their point of origin, their residence, rather than from the point of their last official duty station.[10]

---

[10]Prior to the 1959 amendment, a retired judge was reimbursed for travel and subsistence expenses based upon a hypothetical departure from his last official duty station,

13

Absent express language supporting their position, appellees urge that Commissioner v. Stidger, 386 U.S. 287 (1967), stands for the proposition that the court can properly rely upon the policy underlying statutes outside the Internal Revenue Code when determining the location of a taxpayer's tax home. In Stidger the issue was whether meals taken by a military officer during a 10-month tour of duty in Japan were deductible travel expenses. The Stidger court held that the meal expenditures were nondeductible living expenses, relying on the Commissioner's interpretation of "home" as it applies to military personnel. 386 U.S. at 295-96. That interpretation, which disallowed deductions incurred at the officer's permanent duty station, was in fact just an enlargement of the general principle that a taxpayer's tax home is located at his principal place of business. See Stidger, 386 U.S. at 290-93 (discussing the general principle and the enlargement of that principle applicable to military personnel). Thus, the Stidger court was not reading between the statutory lines, as the appellees request this Court to do. Instead, Stidger merely deferred to

rather than his place of residence. This rule led to some cumbersome and inequitable results. "For example, a judge who had been appointed to the U.S. District Court for the District of Columbia and who, upon retirement, moved his residence to somewhere in the Western part of the United States, could accept a judicial assignment to sit in the Southern District of New York. However, reimbursement for his travel and subsistence expenses would have to be measured from the District of Columbia to New York and not from his home in the Western part of the country." S. Rep. No. 86-998, 86th Cong., 1st Sess. (1959), reprinted in, 1959 U.S.C.C.A.N. 2022. Congress was concerned that it was "unfair to expect a judge to travel across the country and back without being reimbursed for that travel." (emphasis added) Id. The tax treatment of the reimbursements thus provided is mentioned nowhere in the report.

14

long-standing Commissioner rulings and existing law as it applied to determination of a taxpayer's home in a specific context.  See Stidger, 386 U.S. at 296 ("if there are inconsistencies in the Commissioner's application of the travel-expense provision to military personnel, it is the province of Congress and the Commissioner to make the appropriate adjustments").

## CONCLUSION

We hold, in accordance with well-established tax principles, that Judge Putnam's tax home was his principal place of business at the Lafayette courthouse. Therefore, the automobile and meal expenses he incurred as a result of his commute from his residence in Abbeville to his workplace at the Lafayette courthouse were not incurred "away from home in the pursuit of a trade of business" and were not deductible as traveling expenses. His meal expenses were also not deductible as "ordinary and necessary" business expenses under the more general provisions of I.R.C. § 162(a) because no business purpose for the meals was demonstrated. It follows that AO reimbursements for both types of expense must be reported as taxable income.[11]

We acknowledge that our holding today will have the effect of reducing the value of travel reimbursements received by retired federal judges recalled to duty, in some circumstances. However, the effect is not as drastic as is emphatically urged by the Putnams and amicus. We do not decide that the tax home of all retired federal judges returning to work will be the courthouse to which they are assigned. Our holding should be limited to cases presenting facts similar to those which drive our decision today. Judge Putnam, after serving fourteen years as a district judge in Lafayette, was recalled to serve at the same courthouse, where he

---

[11]Because we find that the meal expenses were not deductible, treasury regulation 26 C.F.R. § 1.162-17(b), which excuses reporting of reimbursement for otherwise deductible business expenses when certain conditions are met, is inapplicable.

was provided chambers and a staff. He made the same commute, approximately 20 miles, that he made each day of his active service. The 20 mile journey did not impose upon him the need to take lodgings or substantial rest and he returned easily to his home of over 40 years each night. Judge Putnam's service extended throughout substantial portions of 1985 and 1986. At some point, and we need not decide exactly when, his service ceased being "temporary" but instead became more indefinite or permanent. Finally, his meals in Lafayette were for his own subsistence and were not intended to further in any way the business of the federal courts.

Clearly, when retired federal judges incur necessary and ordinary expenses traveling "away from home in pursuit of business" as defined in the tax code, those expenses will not only be reimbursable under 28 U.S.C. §§ 374 and 456, but also tax deductible under I.R.C. § 162(a)(2). Such is not the case here. On the other hand, when a retired federal judge is recalled to serve in a courthouse to which he can easily journey on a daily basis without requiring sleep or rest, the expenses occasioned by such a commute -- while they may be reimbursable -- will not be deductible as traveling expenses.

If Congress wants to change this result, it has the power to do so. Compare, for example, the specific provisions in § 162 defining the "tax home" of Congress members and state legislators to be their place of residence within the territory they represent. I.R.C. § 162(a) (specifying tax home for member of Congress and

17

limiting the amount of deductible expenses), § 162(h) (designating the tax home of state legislators who make an appropriate election and specifying that such legislators are "away from home in pursuit of business" on each legislative day).

For the average taxpayer, there is strong and clear law which characterizes these expenditures as nondeductible commuting expenses. Because we are not convinced that Congress intended to suspend application of the existing tax laws when it passed 28 U.S.C. § 374, we are unwilling to do so by judicial fiat some 25 years later. Legislating the matter from the bench, particularly when the subject is reimbursement to members of our own branch of government, is not within the province of this Court. We do not sit as a committee of revision to perfect the administration of the tax laws. United States v. Correll, 389 U.S. 299, 306-307 (1967). In this area of limitless factual variations, "it is the province of Congress and the Commissioner, not the courts, to make the appropriate adjustments." Commissioner v. Stidger, 386 U.S. 287, 296 (1967).

Judges are subject to the tax laws on the same basis as an ordinary citizen, unless that result is changed by Congress. "[T]heir particular function in government does not generate an immunity from sharing with their fellow citizens the material burden of the government whose Constitution and laws they are charged with administering." O'Malley v. Woodrough, 307 U.S. 277, 282 (1939).

18

Accordingly, we REVERSE the district court's summary judgment in favor of the Putnams and RENDER summary judgment in favor of the Government. The plaintiffs will take nothing on their refund claim.

g:\opin\93-4969.opn
VES/mek/wjl                                        19

No. 93-4969 RICHARD J. PUTNAM, ET UX v. UNITED STATES OF AMERICA

REYNALDO G. GARZA, Circuit Judge, Concurring Specially;

I agree with everything in the very fine opinion of Judge DeMoss.

As a senior judge, I write specially to tell amicus and my fellow senior judges that this was not the best of cases to try the validity or extent of 28 USC §§ 374 and 456 and their relationship to the tax laws.

If during his active service Judge Putnam had lived in Lafayette and upon his taking senior status he had moved and started residing in Abbeville, I think the result in this case might well have been different.

As Judge DeMoss points out, the result in this case is because of the facts involved and it will be the law only in cases with similar facts in the future.