T.C. Summary Opinion 2021-21

UNITED STATES TAX COURT

ANGELA WEST, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22035-19S.               Filed July 26, 2021.

Angela West, pro se.

<u>William J. Prater</u>, for respondent.

SUMMARY OPINION

WELLS, <u>Judge</u>:  In his notice of deficiency issued October 7, 2019, respondent disallowed $35,044 in itemized deductions on petitioner's 2017 tax return.  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this

opinion shall not be treated as precedent for any other case. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all dollar amounts to the nearest dollar. Petitioner filed her petition on December 13, 2019. Petitioner contends that she is entitled to the deductions because she is a traveling nurse and the deductions are related to travel expenses between her home in Georgia and work in Kentucky.

Respondent moved, pursuant to the provisions of Rule 121, for partial summary adjudication on the issues of (1) whether petitioner's tax home was in Louisville, Kentucky, rather than Georgia for tax year 2017 and (2) whether she is entitled to deduct her travel expenses[1] for that year.

## Background

The parties' first stipulation of facts, filed January 4, 2021, is hereby incorporated by reference. The facts therein are found accordingly. When she filed the petition, petitioner resided in Georgia.

---

[1]For brevity, we use "travel expenses" to refer to the expenses categorized on petitioner's Form 2106, Employee Business Expenses, as vehicle expenses; parking fees, tolls, and transportation; travel expenses; and meals and entertainment expenses.

Around 2014 petitioner applied, and began working, as a nurse at Robley Rex VA Medical Center (VA Hospital) in Louisville, Kentucky. After she was hired, petitioner worked full time at the VA Hospital through at least 2018. When she began working at the VA Hospital, petitioner did not believe that her employment there would last less than a year. Petitioner cannot specifically recall her additional per diem work performed during 2017; however, she was issued and reported additional income from a second Form W-2, Wage and Tax Statement. The second Form W-2 was issued for work performed at another institution in Jefferson County, Kentucky.

Petitioner rented an apartment in Kentucky during all of 2017. She also saw doctors and filled her prescriptions in Kentucky. During 2017 she had two cars registered with the Kentucky Motor Vehicle Department: a 2002 Honda Accord originally registered in Kentucky as early as 2014 and a 2017 Hyundai Tucson purchased on November 20, 2017. In December 2017 petitioner purchased a business license from the Kentucky secretary of state, for a business that she began operating in 2018.

Petitioner also maintained a residence in Georgia during tax year 2017, where she traveled when she was not working at the VA hospital. She volunteered

with World Changers Church International in College Park, Georgia. She did not register her 2017 Hyundai Tucson in Georgia until February 2020.

On her 2017 tax return petitioner claimed $37,055 in miscellaneous itemized expense deductions. On the basis of her adjusted gross income of $100,526, she reported the 2% floor for these expenses as $2,011. Accordingly, she claimed a total miscellaneous itemized expense deduction of $35,044, which respondent disallowed in its entirety. Among petitioner's claimed miscellaneous itemized deductions were $19,953 in vehicle expenses; $285 in parking fees, tolls, and transportation; $9,456 in travel expenses; and $3,196 in meals and entertainment expenses.[2] Petitioner claimed these deductions for costs incurred travelling between Kentucky and Georgia and for meals in Kentucky.

## Discussion

A party may move for summary judgment on all or part of the legal issues in controversy. Rule 121(a) and (b); Naftel v. Commissioner, 85 T.C. 527, 528-529 (1985). The Court can grant summary judgment where there is no genuine dispute as to any material fact and a decision can be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965

---

[2]Petitioner deducted a total of $6,392 of these expenses after the 50% reduction of sec. 274(n).

(7th Cir. 1994). "In deciding whether to grant summary judgment, * * * [the Court] view[s] the factual materials and inferences drawn from them in the light most favorable to the nonmoving party." Id. The nonmoving party, however, may not rest upon mere allegations or denials but must "set forth specific facts showing that there is a genuine issue for trial." Id. (quoting Dahlstrom v. Commissioner, 85 T.C. 812, 820-821 (1985)).

The Internal Revenue Code allows a deduction for travel expenses incurred "while away from home in the pursuit of a trade or business". Sec. 162(a)(2). A taxpayer may deduct only travel expenses directly attributable to the conduct of the taxpayer's business. Sec. 1.162-2(a), Income Tax Regs. In other words, such a travel expense deduction is allowed if (1) the expense is reasonable and necessary; (2) the expense is incurred while away from home; and (3) the expense is incurred in pursuit of business. Commissioner v. Flowers, 326 U.S. 465, 470 (1946) (holding that a taxpayer could not deduct his expenses for traveling between his home and his workplace in another city because those expenses were unrelated to his work).

The phrase "'away from home' * * * is one of those instances in tax law where an ordinary word means something different from what normal people might think it means". Baca v. Commissioner, T.C. Memo. 2019-78, at *17

(quoting section 162(a)(2)). If a taxpayer lives in one place but works in another, then her "home" for purposes of whether she is "away from home" is generally the vicinity of her principal place of employment rather than her personal residence. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); see also Michel v. Commissioner, 629 F.2d 1071, 1073 (5th Cir. 1980)[3] ("A taxpayer's home, for purposes of section 162(a)(2), means the vicinity of * * * [her] principal place of employment and not where * * * [her] personal residence is located, if such residence is located in a different place from * * * [her] principal place of employment."), aff'g T.C. Memo. 1977-345. If a taxpayer accepts permanent or indefinite employment somewhere other than her personal residence, she is deemed to have moved her tax home to the location of her employment. Michel v. Commissioner, 629 F.2d at 1073. Along those lines, a taxpayer's tax home will not be in a location where she lacks business ties. See Minick v. Commissioner, T.C. Memo. 2010-12, slip op. at 11-12.

Petitioner's principal place of employment in 2017 was in Kentucky where she worked as a nurse at the VA Hospital. Of the $100,526 that she reported as income, petitioner earned $95,252 from the VA Hospital. Although she indicated

---

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Court of Appeals adopted as binding precedent all Court of Appeals for the Fifth Circuit decisions issued before October 1, 1981.

that she may have done some additional per diem work, her other W-2 was also for work performed nearby in Kentucky. The business license petitioner purchased in 2017 was for Kentucky, not Georgia.

In contrast petitioner had no employment in Georgia. Her reported income is accounted for by the Forms W-2 issued for work performed in Kentucky. Although she maintained a residence in Georgia and volunteered with a church in Georgia, this was not part of her duties with the VA Hospital. Accordingly, petitioner had no business ties to Georgia such that her tax home would be there. See id., slip op. at 11-12.

Because her principal place of employment was in Kentucky and she had no business ties to Georgia, we find that petitioner's tax home was in Kentucky for purposes of section 162(a)(2). See Mitchell v. Commissioner, 74 T.C. at 581.

There is an exception to the general rule that allows for a deduction where a taxpayer's employment is "temporary" rather than "indefinite" or "indeterminate". Peurifoy v. Commissioner, 358 U.S. 59, 60 (1958). Unless it is foreseeable that the employment will end within a short period, employment that is not permanent is considered "indefinite" rather than "temporary". Barrett v. Commissioner, T.C. Memo. 2017-195, at *9. "[T]he taxpayer shall not be treated as being temporarily

away from home during any period of employment if such period exceeds 1 year." Sec. 162(a) (flush language).

Petitioner's employment in Kentucky was not sufficiently "temporary" to fall within the exception. By 2017 she had already been employed at the VA Hospital for several years. When she began working at the VA Hospital, petitioner did not believe that her employment there would last less than a year. Rather than "temporary", petitioner's employment was "indefinite", because it was not foreseeable that her employment with the VA Hospital would end within a year. See sec. 162(a); Barrett v. Commissioner, at *9.

Petitioner's activities reinforce the conclusion that she did not believe that her work in Kentucky would end within a short time. See Groover v. Commissioner, 714 F.2d 1103, 1104 (11th Cir. 1983) (applying subjective criteria in determining whether a taxpayer's employment was temporary or indefinite), aff'g T.C. Memo. 1982-329. She rented an apartment in Kentucky, filled her prescriptions there, and more importantly, received treatment from doctors in Kentucky rather than Georgia. Petitioner registered her 2002 Honda Accord in Kentucky as early as 2014, and she maintained that registration until 2020 even with a sale and purchase of a new vehicle. This, as well as the business license for

her burgeoning business, suggests petitioner anticipated remaining in Kentucky after 2017.

It is indisputable that petitioner had personal ties to Georgia. However, these ties and activities are not inconsistent with her continuing to work in Kentucky because her work schedule allowed her to spend extended periods in Georgia. Her work in Kentucky was "indefinite" rather than "temporary". She therefore does not fall within the temporary-employment exception, and there is no reason to change our conclusion that her tax home was in Kentucky for purposes of section 162(a)(2).

To be deductible as "incurred in the pursuit of business", expenses for travel from a taxpayer's tax home must be motivated by the needs of her employer rather than her personal convenience. See Commissioner v. Flowers, 326 U.S. at 474. Consequently, travel that occurs because a taxpayer decides to maintain a residence away from her place of employment is not deductible because that decision is irrelevant to her employer or business. See id. at 473-474; see also Brown v. Commissioner, 806 F. App'x 842, 847 (11th Cir. 2020), aff'g T.C. Memo. 2019-30; Farran v. Commissioner, T.C. Memo. 2007-151, slip op. at 7-9; Stockwell v. Commissioner, T.C. Memo. 2007-149, slip op. at 8 ("Where a taxpayer has no business connections with the area of primary residence, there is

no compelling reason to maintain that residence and incur substantial, continuous, and duplicative expenses elsewhere.  In that situation, the expenses incurred while temporarily away from that residence are not deductible." (citations omitted)).

Petitioner's reported travel expenses relate to her travel between her tax home of Kentucky and the residence she chose to maintain in Georgia.  Petitioner had no business reason for traveling to Georgia.  Instead, this travel was based on her personal desire to maintain a residence in Georgia.  The meals and expenses incurred while in Kentucky were not incurred "away from home" because Kentucky was her tax home.  Thus, these travel expenses are not deductible.  See Stockwell v. Commissioner, slip op. at 8.

Accordingly, we will disallow the following deductions totaling $32,863: vehicle expenses of $19,953; parking fees, tolls, and transportation of $285; travel expenses of $9,456; and meals and entertainment of $3,169.  The Court concludes that there is no genuine dispute of material fact for trial on the issues of whether petitioner's tax home is in Kentucky and whether she is entitled to a section 162(a)(2) deduction.

On the basis of the foregoing, respondent's motion will be granted and,

An appropriate order will be issued.