T.C. Memo. 1997-526


UNITED STATES TAX COURT


JAMES LAWTON ROBERTSON AND
LILLIAN JANETTE HUMBER ROBERTSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11901-96.            Filed November 20, 1997.


<u>Richard D. Gamblin</u>, <u>James Lawton Robertson</u>, and <u>Louis H. Watson</u>, for petitioners.

<u>Robert W. West</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

JACOBS, <u>Judge</u>: Respondent determined the following deficiencies in petitioners' Federal income taxes:

| Year | Deficiency |
|------|------------|
| 1990 | $6,400.27  |
| 1991 | 5,841.34   |
| 1992 | 3,922.00   |

The issue for decision is whether reimbursement by the State of Mississippi for certain travel, lodging, and meal expenses incurred by James Lawton Robertson (petitioner) during his term as a Justice of the Mississippi Supreme Court is excludable from petitioners' income. To the extent petitioner incurred unreimbursed travel, lodging, and meal expenses, we must also decide whether those expenses are deductible from petitioners' income.

Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Jackson, Mississippi, and petitioner's wife, Lillian Janette Humber Robertson (Mrs. Robertson), resided in Oxford, Mississippi.

### Petitioner's Appointment and Election as a Justice to the Mississippi Supreme Court

In 1965, petitioner began practicing law in Greenville, Mississippi. In 1979, petitioner became a full-time law professor

at the University of Mississippi School of Law (the law school) in University, Mississippi (which is adjacent to Oxford, Mississippi, and which we will refer to as Oxford). At that time, Mrs. Robertson started to work as the news director in the public relations department at the University of Mississippi in Oxford.

On January 17, 1983, the Governor of Mississippi appointed petitioner a Justice on the Mississippi Supreme Court, Mississippi's highest court. Petitioner was appointed to fill a retired Justice's unexpired term which was to end on December 31, 1984. In November 1983, because there were more than 9 months left in the unexpired term, petitioner was required under Mississippi law to stand for election for the remainder of the term. Petitioner was elected without opposition. In 1984, petitioner ran for reelection, with opposition, and won a full 8-year term that expired on December 31, 1992.

The Mississippi Supreme Court, which is situated in Jackson, Mississippi, consists of nine Justices and is divided into three districts (northern, central, and southern); three Justices are elected to each of the three districts. Petitioner was elected to the Third (Northern) District (which included Oxford).

After petitioner's appointment and subsequent election to the Mississippi Supreme Court, he continued to teach one course each semester (except during the summer) at the law school in Oxford. As an adjunct professor, petitioner was given an office at the law

school. He taught his course on Friday afternoons and participated in other law school functions, including moot court judging, law review writing, and teaching continuing legal education courses.

At all relevant times, petitioners owned a home in Oxford. Petitioners were registered to vote in Oxford; conducted their banking in Oxford; registered their automobiles in Oxford; had their three sons in public schools in Oxford; paid real estate taxes and claimed a homestead exemption for their home in Oxford; attended church in Oxford; and were involved in several civic organizations in Oxford.

Because the distance between Oxford and Jackson is 157 miles one way, petitioner developed a weekly schedule to accommodate his two employment positions: on Sunday afternoons, petitioner drove from Oxford to Jackson; from Monday through Thursday petitioner remained in Jackson and attended to his duties on the Mississippi Supreme Court; on Thursday afternoons petitioner drove back to Oxford; on Friday afternoons petitioner taught one course at the law school; during the weekend petitioner resided at his home in Oxford.

Petitioner completed round trips between Oxford and Jackson 48 times during 1990, 45 times during 1991, and 30 times during 1992. While in Jackson, petitioner resided in an apartment and paid monthly rent. While in Oxford, he resided with Mrs. Robertson and their three sons.

As a Justice, petitioner had two primary duties in Jackson. First, petitioner was assigned to a three-Justice panel, as designated by the Chief Justice, to hear cases. When the Mississippi Supreme Court is in session, each panel hears cases 1 day during the week. Typically, each panel hears cases for a 6-week period, followed by a 3-week period for writing opinions. Second, petitioner heard cases at en banc conferences 1 day per week. The panel hearings and en banc hearings were generally on separate days, and thus as a matter of practicality the Justices' presence in Jackson was required at least 2 days out of each week.

At the Mississippi Supreme Court, petitioner had an office, staff, and access to the State library. However, petitioner, like other Justices, often preferred to conduct his research and draft opinions at home in his district. Petitioner completed much of his judicial work at the law school library in Oxford during the weekends.

Although not legally required to do so, petitioner, as well as most other Justices, performed various nonjudicial civic functions in his home district in Oxford. The purpose of participating in these civic activities was in part to secure reelection. Some of the activities included: (1) Visiting local judges' and clerks' offices, bar associations, and colleges and universities; (2) giving speeches at civic organizations, schools, churches, and public dedications; and (3) participating in continuing legal

education programs and administering oaths of office of public officials.

In 1992, petitioner ran for reelection as a Justice of the Mississippi Supreme Court and was defeated. Petitioner resigned from the court on August 31, 1992, and began teaching at Fordham University School of Law in New York in September 1992 as a visiting professor. In January 1993, petitioner returned to Jackson, Mississippi, and entered private practice.

Federal Income Tax Returns

For each of the years in issue, petitioners filed a joint Federal tax return. Petitioners reported adjusted gross income of $110,841.08 for 1990, $113,362.55 for 1991, and $138,690 for 1992.

Petitioner's wage and salary income (before retirement contributions) for the years in issue was as follows:

|                | 1990      | 1991      | 1992      |
| -------------- | --------- | --------- | --------- |
| Supreme Court  | $75,000   | $75,195   | $49,988   |
| Univ. of Miss. | 15,000    | 14,642    | 7,483     |
| Fordham Univ.  | ---       | ---       | 49,185    |
| Total          | 90,000    | 89,837    | 106,656   |

Petitioner was reimbursed by the State of Mississippi for travel, lodging, and meal expenses incurred while attending Mississippi Supreme Court sessions in Jackson and returning to Oxford. At the end of each month, petitioner prepared a schedule of expenses and submitted them to the financial officer of the court for reimbursement, and a check would be issued in that amount to petitioner within 8 to 10 days. Petitioners did not report the

amount of reimbursement petitioner received from the State of Mississippi on their Federal joint income tax returns for 1990, 1991, and 1992. Furthermore, petitioners deducted travel, lodging, and meal expenses that were not reimbursed by the State of Mississippi for petitioner's attendance at the court in Jackson.

Notice of Deficiency

In the notice of deficiency, respondent determined that petitioners underreported their income for each of the years in issue by the amount of travel, lodging, and meal expense reimbursements petitioner received from the State of Mississippi. Respondent further disallowed petitioners' deduction for unreimbursed travel, lodging, and meal expenses for the years in issue.

At trial, respondent conceded that the transportation expenses incurred by petitioner relating to his travel between jobs in Jackson, Mississippi, as a Justice of the Mississippi Supreme Court and Oxford, Mississippi, as an adjunct professor of law at the University of Mississippi are deductible for those days in which petitioner traveled from Jackson to Oxford for the purpose of teaching classes. See Rev. Rul. 61-67, 1961-1 C.B. 25, modified by Rev. Rul. 76-453, 1976-2 C.B. 86.

OPINION

Our task herein is to decide whether the travel, lodging, and meal expense reimbursements paid to petitioner for his attendance

at the Mississippi Supreme Court in Jackson are includable in petitioners' income for 1990, 1991, and 1992. In addition, we must decide whether any unreimbursed travel, lodging, and meal expenses for petitioner's attendance in Jackson are deductible from petitioners' income for the years in issue.

Petitioner asserts that his tax home was Oxford, Mississippi, and therefore his travel to Jackson for court hearings was travel "away from home". Alternatively, petitioner contends that even if it is determined that his tax home was Jackson, he still can exclude the travel reimbursement and deduct unreimbursed travel expenses because he was required to reside in Oxford to fulfill his duties as a Mississippi Supreme Court Justice. Respondent counters that petitioner's tax home was Jackson, not Oxford, and that Mississippi law did not require petitioner to reside in Oxford. For the reasons that follow, we agree with respondent.

Gross income means all income from whatever source derived. Sec. 61; sec. 1.61-1(a), Income Tax Regs.; see also Commissioner v. Glenshaw Glass Co., 348 U.S. 426 (1955). Gross income does not include the amount of reimbursed trade or business expenses of employees that qualify under an accountable plan. Sec. 62; sec. 1.62-2(c)(2), (4), Income Tax Regs. An accountable plan is one in which (1) the reimbursed expenses would otherwise be allowable as a deduction to the employee under part VI of subchapter B of the Internal Revenue Code (secs. 161-196), (2) the reimbursed expenses

are substantiated by the employee, and (3) the employee returns any amounts in excess of expenses. Sec. 1.62-2(d)-(f), Income Tax Regs. The matter herein concerns only the first prong; namely, whether the reimbursed expenses have a business connection and would otherwise be deductible.

Section 162(a) allows as a deduction ordinary and necessary expenses incurred during the taxable year in carrying on a trade or business. Such expenses include traveling expenses (including meals and lodging) while away from home in the pursuit of a trade or business. Sec. 162(a)(2). Generally, for Federal tax purposes a taxpayer's home under section 162(a)(2) is his principal place of business. Mitchell v. Commissioner, 74 T.C. 578, 581 (1980); Daly v. Commissioner, 72 T.C. 190, 195 (1979), affd. 662 F.2d 253 (4th Cir. 1981); Kroll v. Commissioner, 49 T.C. 557, 561-562 (1968). If a taxpayer maintains two businesses, this Court has determined the taxpayer's home from three objective factors: (1) The place where he spends more of his time; (2) the place where he engages in greater business activity; and (3) the place where he derives a greater proportion of his income. Hoeppner v. Commissioner, T.C. Memo. 1992-703; see also Gardin v. Commissioner, 64 T.C. 1079 (1975); Montgomery v. Commissioner, 64 T.C. 175 (1975), affd. 532 F.2d 1088 (6th Cir. 1976).

Exclusions and deductions from income are a matter of legislative grace and are narrowly construed. INDOPCO, Inc. v.

Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Consequently, the taxpayer has the burden to show that an exclusion or deduction is allowable. Interstate Transit Lines v. Commissioner, 319 U.S. 590, 593 (1943).

We conclude that petitioner's tax home was Jackson, Mississippi, rather than Oxford, Mississippi. See Montgomery v. Commissioner, supra; Thoma v. Commissioner, T.C. Memo. 1983-623. In a typical week, petitioner spent 4 days in Jackson and 3 days in Oxford. While he was in Jackson, all 4 days were committed to petitioner's work as a Justice on the Mississippi Supreme Court. While in Oxford, only 1 day, Friday, was committed to petitioner's work as an adjunct professor at the law school. Further, petitioner earned $75,000 per year from his work as a Justice, as opposed to $15,000 per year from his work as a professor.

Petitioner asserts that as a practical matter his work on the Mississippi Supreme Court required him to be present in Jackson only 2 days out of every week--for panel day and en banc day. He also asserts that he did much of his substantive work as a Justice, namely research and opinion drafting, while in Oxford, and particularly at the law school library. Accepting petitioner's assertions, nonetheless the fact remains that petitioner spent 4 days in Jackson every week. Further, petitioner's Mississippi Supreme Court office and staff were in Jackson, not Oxford, even though petitioner could have apparently maintained both in Oxford

at his own expense if he had so chosen.  Ultimately, we are bound by what actually occurred, not what might have happened.  Don E. Williams Co. v. Commissioner, 429 U.S. 569, 579-580 (1977); Commissioner v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 148-149 (1974).

Because we find that petitioner's tax home for purposes of section 162 was Jackson and not Oxford, except as set forth below petitioner may not deduct the travel expenses (including transportation, meals, and lodging) incurred for traveling between his residence in Oxford and his principal place of business in Jackson.  In general, these expenses are considered nondeductible, personal commuting expenses under section 262.  See Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946).  However, the transportation costs that petitioner incurred in traveling from Jackson where he served as a Mississippi Supreme Court Justice to Oxford on days in which petitioner taught classes at the law school are deductible as ordinary and necessary business expenses, as respondent concedes.  See Steinhort v. Commissioner, 335 F.2d 496, 504 (5th Cir. 1964), affg. T.C. Memo. 1962-233; Kistler v. Commissioner, 40 T.C. 657, 665 (1963); Heuer v. Commissioner, 32 T.C. 947, 951-952 (1959), affd. 283 F.2d 865 (5th Cir. 1960).

The U.S. Court of Appeals for the Fifth Circuit, to which an appeal of this case would lie, has addressed the deductibility of

commuting expenses between dual residences and provided an exception to the general rule denying deductibility of these expenses.[1]  In United States v. Le Blanc, 278 F.2d 571 (5th Cir. 1960), the Court of Appeals held that where a Louisiana Supreme Court Justice (Justice Le Blanc) was required by the State constitution to maintain his district residence during his term in office, he was allowed to deduct the rental expenses of an apartment in New Orleans during his attendance on the court in the latter city.  Justice Le Blanc's district residence was approximately 75 miles from New Orleans, and after his work on the court was completed each week, he returned to his home district for the weekend.  Id. at 573.  The State constitution required the Justices to maintain residency in their district for the 2 years prior to election and provided for the immediate vacating of the

---

[1]     The U.S. Court of Appeals for the Fourth Circuit has also addressed this issue.  In Barnhill v. Commissioner, 148 F.2d 913 (4th Cir. 1945), the Court of Appeals held that a North Carolina Supreme Court Justice who maintained his district residence while attending court sessions in the State capital could not deduct his travel expenses.  The Justice involved in that case maintained his district residence as a matter of personal choice while serving on the court.  Id. at 914.  His presence was required in the State capital while the court was in session, but not otherwise.  Id.
The Court of Appeals for the Fifth Circuit has distinguished Barnhill v. Commissioner, supra, from United States v. Le Blanc, 278 F.2d 571 (5th Cir. 1960), on the basis that in the latter, the State required the Justices to maintain their district residences.  Ireland v. United States, 621 F.2d 731, 735 (5th Cir. 1980); Steinhort v. Commissioner, 335 F.2d 496, 503 (5th Cir. 1964), affg. and remanding T.C. Memo. 1962-233.

office where the Justice changed his residence from the district to which he was elected. Id. at 575.

With regard to the case before us, the Mississippi Constitution provides that "The legislature shall divide the state into three Supreme Court districts, and there shall be elected one judge for and from each district". Miss. Const. art. VI, sec. 145. This section indicates, as petitioner asserts on brief, that the Justices must reside in their respective districts as a prerequisite to election (or appointment) to the court. However, the section goes on to provide that "the removal of a judge to the state capitol during his term of office shall not render him ineligible as his own successor for the districts from which he has removed." Id.

Petitioner and other present and former Justices testified that this latter phrase means that there is no legal requirement that Justices maintain their residences in their home districts while serving on the Mississippi Supreme Court. Their interpretation is supported by two different State statutes. Section 25-1-61 of the Mississippi Code provides that State officers who must remove themselves to another county for official purposes will be deemed to maintain their home residence, unless they choose to establish a new residence in the county where they are performing their official duties. Miss. Code Ann. sec. 25-1-61

(1972).[2] Section 9-1-23 of the Mississippi Code provides that only circuit and county judges and chancellors must reside within their respective districts and counties; there is no mention of such a requirement for Supreme Court Justices. Miss. Code Ann. sec. 9-1-23.[3]

Thus it is clear, as admitted by petitioner, that Mississippi Supreme Court Justices are not legally required to maintain their district residences while serving on the court. This makes petitioner's case factually distinguishable from United States v. Le Blanc, supra. Nonetheless, petitioner requests us to expand the holding in Le Blanc to circumstances other than a legal compulsion to maintain a district residence. Petitioner argues that a "legal compulsion is but an indicia [of] whether in fact an appellate

---

[2]     Miss. Code Ann. sec. 25-1-61 (1972) provides:

All public officers of this state who are required to, or who for official reasons, remove from the county of their actual household and residence to another county of this state for the purpose of performing the duties of their office shall be deemed in law in all respects to be householders and residents of the county from which they so remove, unless such officer elects to become an actual householder and resident of the county to which he removed for official causes.

[3]     Miss. Code Ann. sec. 9-1-23 provides:

The judges of the supreme, circuit and county courts and chancellors shall be conservators of the peace for the state, each with full power to do all acts which conservators of the peace may lawfully do; and the circuit judges and chancellors shall reside within their respective districts and the county judges shall reside in their respective counties.

judge is away from home in the pursuit of trade or business." Thus, petitioner contends that economic, political, and other practical necessities may also suffice to establish the fact that a taxpayer is away from home.

Petitioner and other present and former Mississippi Supreme Court Justices testified regarding the political and practical necessity of maintaining a high profile in their respective districts while serving on the court. They also testified regarding the State's public policy of encouraging such a profile through the passage of section 25-3-41 of the Mississippi Code, which provides for reimbursement of travel, lodging, and meal expenses of State employees who are required to travel in the performance of their official duties. Miss. Code Ann. sec. 25-3-41.

This case is appealable to the Court of Appeals for the Fifth Circuit, and consequently we are bound by its decisions. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971). Nothing in United States v. Le Blanc, supra, permits us to conclude that political, economic, or practical necessities can be a basis for permitting the deduction of travel expenses between a residence and a principal place of business. See Ireland v. United States, 621 F.2d 731, 735 (5th Cir. 1980); Steinhort v. Commissioner, 335 F.2d 496, 503 (5th Cir. 1964). A State's public policy to the contrary cannot control the operation of Federal tax

laws unless otherwise expressly provided for by Congress. Burnet v. Harmel, 287 U.S. 103, 110 (1932). Even public policy designed to encourage the recall of Federal judges cannot control the operation of the Federal tax laws where the judges are not required by law to maintain two different residences. Putnam v. United States, 32 F.3d 911 (5th Cir. 1994). The relief petitioner seeks should be sought from Congress, not from the courts. See Montgomery v. Commissioner, 532 F.2d 1088, 1091 (6th Cir. 1976), affg. 64 T.C. 175 (1975).

We have considered all of petitioner's other arguments and find them to be without merit. Thus, we hold that petitioner's travel, lodging, and meal expenses incurred due to his attendance at the Mississippi Supreme Court sessions in Jackson are nondeductible expenses under section 262. See Fausner v. Commissioner, 413 U.S. 838 (1973); Commissioner v. Flowers, 326 U.S. 465 (1946). Consequently, those expenses reimbursed by the State of Mississippi are includable in income, Putnam v. United States, supra at 920; sec. 1.62-2(c)(5), Income Tax Regs., and those expenses not reimbursed by the State are not deductible, sec. 162(a)(2).

To reflect the foregoing and the concessions of the parties,

Decision will be entered under Rule 155.